IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| JUDITH DARLENE SNOW, ) | Case No. 18-14846-JDL |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM #1
AND BRIEF IN SUPPORT AND NOTICE AND OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**
**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to sustain the objection, or you wish to have your views considered, you must file a written response to the objection with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the objection. You should also serve a filestamped copy of the response to the undersigned [and others who are required to be served] and file a certificate of service with the court. If no response is timely filed, the court may sustain the objection and strike the scheduled hearing without further notice.

**NOTICE OF HEARING
(TO BE HELD IF A RESPONSE IS FILED)**
**Notice is hereby given that if a response to the Motion is filed, the hearing on the matter will be held on March 12, 2019, at 9:45 a.m. in the 2nd floor courtoom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1.      On November 9, 2018, Quicken Loans Inc. ("Claimant") filed a Petition for foreclosure in The District Court in and for Oklahoma County, Oklahoma ("Oklahoma County") bearing case number CJ-2018-6215 (the "Foreclosure Petition"). The Foreclosure Petition is a "cookie cutter" standard form pleading, substantively similar to countless others filed by

Claimant's counsel.

2. On November 20, 2018, Debtor filed a voluntary petition for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Oklahoma [Doc. No. 1].

3. Claimant did not obtain a judgment for attorney fees or expenses in Oklahoma County before Debtor obtained relief under the Bankruptcy Code.

4. Claimant filed Proof of Claim #1 on December 28, 2018 (the "Claim"). Neither Rule 3007 nor Local Rules create a deadline for filing an objection to claim.

5. The Claim seeks $300.00 for "Process Service", $975.00 for "Title Cost", and $1,000.00 for "Foreclosure Attorney Fee" (collectively the "Objectionable Fees") [Claim 1 at Page 5]. The Objectionable Fees sum to $2,275, equal to more than 30% of the arrearage sought by Claimant.

6. For the reasons laid out herein, Debtor objects to the Objectionable Fees pursuant to § 502(b)(1) of the Bankruptcy Code.

## ARGUMENTS AND AUTHORITIES

7. Claimant seeks $2,275.00 in pre-petition fees and expenses to which Debtor objects pursuant to § 502(b)(1) of the Bankruptcy Code. "Section 502(b)(1) is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy". *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178, 75 BNA USLW 4131 (2007).

8. The Bankruptcy Code clearly provides that "the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." § 1322(e). Thus, the proper determination of the Objectionable Fees is

made pursuant to Oklahoma law. *In re Lighty*, 513 B.R. 489 (Bankr. S.C., 2014) (citing *Deutsche Bank Nat'l Trust Co. v. Tucker*, 621 F.3d 460, 464 (6th Cir.2010)); *In re Adejobi*, 404 B.R. 78 (Bankr. E.D. N.Y., 2009) ("§ 1322(e) is unambiguous in its command that the underlying agreement and nonbankruptcy law are dispositive").

9. It is the "American Rule" that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. *See generally Travelers Cas. & Sur. Co. of Am.* Under Oklahoma law, attorney fees may only be awarded if authorized by a specific statute or contract provision. *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648. However, even when attorney fees are recoverable, they must always be reasonable. *JLEE Co., L.L.C. v. Reneau Seed Co.*, 332 P.3d 297, 299 (Okla. Civ. App. 2014). Therefore, Debtor asks this Honorable Court to (1) First, make a finding as to whether the Objectionable Fees are authorized by statute or contract; and (2) Second, if fees are recoverable to determine the reasonableness of the Objectionable Fees.

## I. THE OBJECTIONABLE FEES ARE NOT RECOVERABLE UNDER STATUTE

10. Debtor is not aware of any fee-shifting law which permits an award to a mortgage lender for either pre or post petition services when Debtor sought relief under the Bankruptcy Code before the mortgage lender obtained judgment in state court. The burden of proof remains on the Claimant to demonstrate a fee shifting statute exists and is applicable herein.

## II. THE OBJECTIONABLE FEES ARE NOT RECOVERABLE UNDER CONTRACT

11. Claimant filed the Note and Mortgage as part of Claim 1-1 Part 2 on December 28, 2018.

12. The Note held by Claimant is a Form 3200 Multistate Fixed Rate Note prepared

and promulgated by Fannie Mae.

13. Paragraph 6(E) of the Claimant's Note, and of all Form 3200 Notes, states "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

14. Debtor concedes that Claimant is entitled to reasonable attorney fees and expenses under the terms of the Note. *Bank of Am., N.A. v. Malkin,* No. 3:16-CV-694 (MPS), 2018 WL 624636, at *6 (D. Conn. Jan. 30, 2018). However, the Claimant must still provide documentation and explanation to support its Claim yet has failed to do so, as laid out more fully below.

### III. THE OBJECTIONABLE FEES ARE NOT REASONABLE

15. Even if the Objectionable Fees are allowed by statute or agreement, the Objectionable Fees are unreasonable and unsubstantiated. The burden of proof is on the Claimant to prove its Claim for the Objectionable Fees, but the Claim is completely devoid of details or specifics. *JLEE Co., L.L.C.* ("… the moving attorney to offer evidence of, not the rate charged where stipulated to, but the reasonableness of the total time spent under the *Burk* criteria as relevant to the local legal community standards"); *see also In re Hale* (Bankr. S.C., 2015) ("simply including Review of Plan or Proof of Claim on the… proof of claim… does not necessarily explain to the debtor, the trustee, or the Court why the services of an attorney were needed, whether the charges are reasonable on the particular facts of the case, who performed the work, the time spent on the task, the rate charged, etc."). Claimant has not provided itemized billing statements, has not provided an hourly rate, and has not provided any evidence of awards for similar cases by counsel in the community.

16. In *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659 (Okla. 1979), the Court laid out the formula a trial court must apply in computing attorney's fees. The proper procedure to be followed by trial courts in determining a reasonable attorney fee is to first, determine the hourly compensation on an hourly rate basis and then, to add an additional amount based on the following guidelines: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Id*. at 661. The strictly hourly figure arrived at by the court is called the "time compensation factor." *Id*. All other factors are classified as an "incentive fee or bonus." *Id*.

17. Debtor disputes the reasonableness of Claimant's requested fee since Claimant has not even provided an hourly compensation rate. In addition, Claimant seeks attorney fees for tasks which are more appropriately assigned to non-attorney support staff. *Henderson v. Horace Mann Ins. Co.*, 560 F. Supp. 2d 1099, 1104 (N.D. Okla. 2008); *JLEE*, 332 P.3d 297. "It is also noteworthy that there are a significant number of time entries… for tasks that would more appropriately be assigned to a paralegal at a much reduced hourly rate." *Id*. The Objectionable Fees should be denied due to Claimant's seeking compensation at an unknown hourly rate and for tasks which could have been handled by non-attorney staff.

18. Worse, the Claim's block billing stands in contrast to industry standard and is unreasonable. *See generally "Department of Justice Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in*

*Larger Chapter 11 Cases"* (Requiring increments of one-tenth hour); *See also American Bar Association Formal* Op. 93-379 (December 6, 1993); *See generally "Guidelines for Administering the Criminal Justice Act and Related Statutes, Chapter 2: Appointment and Payment of Counsel"* (Requiring increments of one-tenth hour). This should not be awarded compensation by the Court. *See Oklahoma Natural Gas v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263-64 (N.D. Okla. 2004) (applying Oklahoma law); *Pursley v. Mack Energy Co.*, 908 P.2d 289, 291-92 (Okla. Civ. App. 1995). This Court cannot determine the "time and labor required" of the Claimant due to Claimant's billing practices. *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890 (Okla. 2007). ("An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices"). Accordingly, the Objectionable Fees should be denied.

19. With regards to reimbursement for expenses requested in the Claim, Debtor is prepared to offer evidence and testimony that the amounts are grossly in excessive of industry and community standards. Further, Debtor challenges that the burden to support these Objectionable Fees remains on the Claimant who has not provided a shred of evidence to support they were actually incurred. However, pursuant to Local Rule 3007-1(B) this Objection is "filed without any attachments or accompanying exhibits or supplements".

**SUMMARY**

20. Claimant has hidden the real billed time behind block entries, seeks fees for ministerial tasks, and seeks fees for tasks which could have been handled by non-attorney staff. *Scharfenberger v. Sec'y of Health & Human Servs.* (Fed. Cl., 2015) ("[C]ounsel should be encouraged in all cases to act expeditiously rather than churn the bill, hopeful of a large fee

award in the end"). The Claim's Objectionable Fees are unreasonable and the Claimant has presented no evidence or law to the contrary. For all the reasons set forth above, it is respectfully requested that Debtor's Objection to Proof of Claim #1 be sustained, that the Objectionable Fees be denied, and that Claimant be directed not to include such denied fees and expenses in any further proof of claim or Rule 3002.1 Notice.

WHEREFORE, it is respectfully requested that Debtor's Objection be granted and for such additional or alternative relief as may be just and proper.

>Respectfully Submitted,
>**SANSONE HOWELL PLLC**
>
>/s/ Jason A. Sansone_____
>Jason A. Sansone, OBA No. 30913
>Sansone Howell PLLC
>4600 SE 29th St., Suite 500
>Del City, Oklahoma 73115
>Telephone: (405) 455-1032
>Facsimile: (866) 679-1329
>Email: JSansone@SansoneHowell.com
>**COUNSEL FOR DEBTOR**

Dated: February 1, 2019

## CERTIFICATE OF MAILING

I, Jason A. Sansone, hereby certify that on February 1, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to the Office of the United States Trustee.

Further, I certify that on February 1, 2019 a true and correct copy of the above was mailed via U.S. Mail, first class, postage prepaid and properly addressed to the following at the address shown:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

/s/ Jason A. Sansone
Jason A. Sansone, OBA 30913