IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
)
JUDITH DARLENE SNOW, )   Case No. 18-14846-JDL
)   Chapter 13
Debtor. )
)

### DEBTOR'S MOTION FOR DETERMINATION OF
### FEES, EXPENSES, OR CHARGES PURSUANT TO RULE 3002.1(E)
### AND BRIEF IN SUPPORT AND NOTICE AND OPPORTUNITY FOR HEARING

#### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to sustain the objection, or you wish to have your views considered, you must file a written response to the objection with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the objection. You should also serve a filestamped copy of the response to the undersigned [and others who are required to be served] and file a certificate of service with the court. If no response is timely filed, the court may sustain the objection and strike the scheduled hearing without further notice.

#### NOTICE OF HEARING
#### (TO BE HELD IF A RESPONSE IS FILED)

**Notice is hereby given that if a response to the Motion is filed, the hearing on the matter will be held on March 12, 2019, at 9:45 a.m. in the 2nd floor courtoom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On November 20, 2018, Debtor filed a voluntary petition for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Oklahoma [Doc. No. 1].

2. Quicken Loans Inc. ("Claimant") filed its Form 410S2 Notice of Postpetition Mortgage Fees, Expenses and Charges on January 11, 2019 (the "Claim").

3. The Claim seeks $150.00 for "Plan Review" and $750.00 for filing Proof of Claim 1 (collectively the "Objectionable Fees"). The Objectionable Fees sum to $900.00.

4. For the reasons laid out herein, Debtor seeks a determination of the Objectionable Fees by this Honorable Court pursuant to Fed. R. Bankr. P. 3002.1(e).

## ARGUMENTS AND AUTHORITIES

5. Claimant seeks $900.00 in post-petition fees through the filing of a Form 410S2 pursuant to Rule 3002.1(c) of which Debtor seeks a determination.

6. Rule 3002.1(e) provides that "[o]n motion of a party in interest filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code". The underlying agreement and applicable Oklahoma law are determinative. *In re England*, 586 B.R. 795 (Bankr. M.D. Ala., 2018); *see also In re Lighty*, 513 B.R. 489 (Bankr. S.C., 2014) (citing *Deutsche Bank Nat'l Trust Co. v. Tucker*, 621 F.3d 460, 464 (6th Cir.2010)).

7. It is the "American Rule" that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. *See generally Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178, 75 BNA USLW 4131 (2007). Under Oklahoma law, attorney fees may only be awarded if authorized by a specific statute or contract provision. *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648. However, even when attorney fees are recoverable, they must always be reasonable. *JLEE Co., L.L.C. v. Reneau Seed Co.*, 332 P.3d 297, 299 (Okla. Civ. App. 2014). Therefore, Debtor

asks this Honorable Court to (1) First, make a finding as to whether the Objectionable Fees are authorized by statute or contract; and (2) Second, if fees are recoverable to determine the reasonableness of the Objectionable Fees.

### I. THE OBJECTIONABLE FEES ARE NOT RECOVERABLE UNDER STATUTE

8. Debtor is not aware of any fee-shifting law which permits an award to a mortgage lender for either pre or post petition services when Debtor sought relief under the Bankruptcy Code before the mortgage lender obtained judgment in state court. The burden of proof remains on the Claimant to demonstrate a fee shifting statute exists and is applicable herein.

### II. THE OBJECTIONABLE FEES ARE NOT RECOVERABLE UNDER CONTRACT

9. Claimant filed the Note and Mortgage as part of Claim 1-1 Part 2 on December 28, 2018.

10. The Note held by Claimant is a Form 3200 Multistate Fixed Rate Note prepared and promulgated by Fannie Mae.

11. Paragraph 6(E) of the Claimant's Note, and of all Form 3200 Notes, states "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

12. Debtor concedes that Claimant is entitled to reasonable attorney fees and expenses under the terms of the Note. *Bank of Am., N.A. v. Malkin,* No. 3:16-CV-694 (MPS), 2018 WL 624636, at *6 (D. Conn. Jan. 30, 2018). However, the Claimant must still provide documentation and explanation to support its Claim yet has failed to do so, as laid out more fully below.

**III. THE OBJECTIONABLE FEES ARE NOT REASONABLE**

13. Even if the Objectionable Fees are allowed by statute or agreement, the Objectionable Fees are unreasonable and unsubstantiated. Rule 3002.1(c) notices must provide adequate descriptions for such charges. *In re Hale* (Bankr. S.C., 2015) ("simply including Review of Plan or Proof of Claim on the 3002.1 Notice… does not necessarily explain to the debtor, the trustee, or the Court why the services of an attorney were needed, whether the charges are reasonable on the particular facts of the case, who performed the work, the time spent on the task, the rate charged, etc."); *In re Lighty*. The burden is on Claimant to substantiate the fees, expenses, and charges stated in the Rule 3002.1 Notice. *In re England*.

14. Even though the burden of proof is on the Claimant to prove its Claim for the Objectionable Fees, the Claim is completely devoid of details or specifics. *JLEE Co., L.L.C.* ("… the moving attorney to offer evidence of, not the rate charged where stipulated to, but the reasonableness of the total time spent under the *Burk* criteria as relevant to the local legal community standards"). Claimant has not provided itemized billing statements, has not provided an hourly rate, and has not provided any evidence of awards for similar cases by counsel in the community.

15. In *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659 (Okla. 1979), the Court laid out the formula a trial court must apply in computing attorney's fees. The proper procedure to be followed by trial courts in determining a reasonable attorney fee is to first, determine the hourly compensation on an hourly rate basis and then, to add an additional amount based on the following guidelines: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Id*. at 661. The strictly hourly figure arrived at by the court is called the "time compensation factor." *Id*. All other factors are classified as an "incentive fee or bonus." *Id*.

16. Debtor disputes the reasonableness of Claimant's requested fee since Claimant has not even provided an hourly compensation rate. In addition, Claimant seeks attorney fees for tasks which are more appropriately assigned to non-attorney support staff. *Henderson v. Horace Mann Ins. Co*., 560 F. Supp. 2d 1099, 1104 (N.D. Okla. 2008); *JLEE*, 332 P.3d 297. "It is also noteworthy that there are a significant number of time entries… for tasks that would more appropriately be assigned to a paralegal at a much reduced hourly rate." *Id*.

17. The Objectionable Fees include time allegedly spent on "Plan Review". "It is a relatively simple matter for a secured lender to ensure it is provided for in the debtor's plan. Some courts even go as far as to say that reviewing a debtor's plan is purely ministerial and not necessary to file a proof of claim; thus, an attorney fee for plan review should not be permitted." *In re England* (*citing In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006); *In re Palmer*, 366 B.R. 875 (Bankr. N.D. Fla. 2008)). "Likewise, the act of filing of proof of claim is a relatively simple matter… A $500.00 fee for filing a proof of claim on a debtor's personal residence is excessive and unreasonable, whether or not an attorney prepares the proof of claim." *Id*; *In re Ortega* (Bankr. S.D. Tex., 2013) (denying fees for clerical tasks). The Objectionable Fees should be denied due to Claimant's seeking compensation at an unknown hourly rate, for purely ministerial tasks which don't justify a fee award, and for tasks which could have been handled by non-attorney staff.

18. Worse, the Claim's block billing stands in contrast to industry standard and is

unreasonable. *See generally "Department of Justice Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases"* (Requiring increments of one-tenth hour); *See also American Bar Association Formal* Op. 93-379 (December 6, 1993); *See generally "Guidelines for Administering the Criminal Justice Act and Related Statutes, Chapter 2: Appointment and Payment of Counsel"* (Requiring increments of one-tenth hour). This should not be awarded compensation by the Court. *See Oklahoma Natural Gas v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263-64 (N.D. Okla. 2004) (applying Oklahoma law); *Pursley v. Mack Energy Co.*, 908 P.2d 289, 291-92 (Okla. Civ. App. 1995). This Court cannot determine the "time and labor required" of the Claimant due to Claimant's billing practices. *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890 (Okla. 2007). ("An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices"). Accordingly, the Objectionable Fees should be denied.

### SUMMARY

19. Claimant has hidden the real billed time behind block entries, seeks fees for ministerial tasks, and seeks fees for tasks which could have been handled by non-attorney staff. *Scharfenberger v. Sec'y of Health & Human Servs.* (Fed. Cl., 2015) ("[C]ounsel should be encouraged in all cases to act expeditiously rather than churn the bill, hopeful of a large fee award in the end"). The Claim's Objectionable Fees are unreasonable and the Claimant has presented no evidence or law to the contrary. For all the reasons set forth above, it is respectfully requested that this Honorable Court determine the Objectionable Fees unreasonable, to deny the Objectionable Fees, and that Claimant be directed not to include such denied fees in any further proof of claim or Rule 3002.1 Notice.

WHEREFORE, it is respectfully requested that Debtor's Motion be granted and for such additional or alternative relief as may be just and proper.

Respectfully Submitted,<br>
**SANSONE HOWELL PLLC**

/s/ Jason A. Sansone<br>
Jason A. Sansone, OBA No. 30913<br>
Sansone Howell PLLC<br>
4600 SE 29th St., Suite 500<br>
Del City, Oklahoma 73115<br>
Telephone: (405) 455-1032<br>
Facsimile: (866) 679-1329<br>
Email: JSansone@SansoneHowell.com<br>
**COUNSEL FOR DEBTOR**

Dated: February 1, 2019

## CERTIFICATE OF MAILING

I, Jason A. Sansone, hereby certify that on February 1, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to the Office of the United States Trustee.

Further, I certify that on February 1, 2019 a true and correct copy of the above was mailed via U.S. Mail, first class, postage prepaid and properly addressed to the following at the address shown:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

/s/ Jason A. Sansone<br>
Jason A. Sansone, OBA 30913