IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

**JUDITH DARLENE SNOW,**

    DEBTOR.

Case No.: BK-18-14846-JDL
Chapter 13

### RESPONSE TO MOTION FOR DETERMINATION OF FEES. EXPENSES, OR CHARGES PURUSANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY OF HEARING FILED BY DEBTOR

Comes now the secured creditor, QUICKEN LOANS INC., by their attorney, Matthew J. Hudspeth, and responds to MOTION FOR DETERMINATION OF FEES. EXPENSES, OR CHARGES PURUSANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY OF HEARING FILED BY DEBTOR filed by the Debtor on February 1, 2019:

1. QUICKEN LOANS INC. is the holder of a note, which note is secured by a mortgage on the Debtor's residence (the "Property"). The note currently has a total outstanding balance of $69,168.99 (as reflected by Proof of Claim 1 herein), plus accruing interest along with reasonable attorney fees and for all costs incurred by Creditor.

2. Debtor objects to the undersigned charging a fee of $150.00 to review Debtor's Plan herein. Contrary to Debtor's assertion that "[i]t is a relatively simple matter for a secured lender to ensure it is provided for in the debtor's plan", there is more involved than merely looking at debtor's plan to see if Creditor is listed, as Debtor would lead the Court to believe. Below is a summary of actions taken to process a review of a bankruptcy plan referral:

| Event | Date Completed | Comment |
|---|---|---|
| Referral Received (Plan Review) | 11/26/2018 | |
| Compile Documentation for Plan Review | 11/27/2018 – 12/10/2018 | Ensure copies of current docket from bankruptcy case, bankruptcy petition, bankruptcy plan and filed Proof of Claim are available for review and comparison |
| Review current docket from bankruptcy case | 12/11/2018 | Ensure no other attorneys have appeared on behalf of Creditor we represent |
| Review bankruptcy petition | 12/11/2018 | To determine that property covered by Creditor's note and mortgage are properly scheduled and valuation of property as determined by debtor |
| Compare bankruptcy plan to filed Proof of Claim | 12/11/2018 | Determine if Debtor has provided for correct treatment of Creditor's claim, i.e. Debtor has provided for correct ongoing mortgage payment, arrearage, total debt and interest rate and that Debtor is not attempting to cram-down Creditor's mortgage |

3.      Additionally, Debtor objects to the undersigned charging a fee of $750.00 for preparation and filing of the Proof of Claim. There is a great deal of liability on the part of attorneys preparing and filing Proofs of Claim for Creditors in bankruptcy actions and the fee is designed to compensate Creditor's attorneys for that risk. Again, contrary to Debtor's assertion that "…the act of filing a proof of claim in a relatively simple matter…", there is more involved than merely filing the proof of claim, as Debtor would lead the Court to believe. Below is a summary of actions taken to process a proof of claim referral:

| Event | Date Completed | Comment |
|---|---|---|
| Referral Received (Proof of Claim) | 11/26/2018 | |
| Review referral to ensure everything needed to prepare and file Proof of Claim has been provided | 11/26/2018 | |
| Request Escrow Analysis and Payment History | 11/26//2018 | |
| Payment History Received and Reviewed | 11/27/2018 | Review Payment History to determine items that can be |

| | | |
|---|---|---|
| | | included in Proof of Claim |
| Prepare 410A | 12/03/2018 | Includes manually inserting payment history information into 410A form |
| Submit draft of Proof of Claim to Creditor for review and preliminary approval | 12/06/2018 | |
| Final Review of Proof of Claim after Creditor approval and file Proof of Claim | 12/28/2018 | Review Proof of Claim form to ensure all information is correct and matches 410A; review 410A and compare it to payment history, default information, note (to insure it is indorsed properly), mortgage and assignment of mortgage and escrow analysis |

4. The undersigned attorney has been admitted to the practice of law for more than 26 years and charges an hourly rate of $275.00 per hour. Debtor objects to the undersigned charging a fee of $150.00 to review Debtor's Plan herein (which fee is 54% of the undersigned's hourly rate, or just over ½ hour of time to perform the tasks listed above). Further, Debtor objects to the undersigned charging a fee of $750.00 to prepare and file the Proof of Claim herein (which fee is just under 2.75 hours of time to perform the tasks listed above and bear the liability of any potential incorrect information or entries). Additionally, Creditor has agreed to the hourly rate of $275.00 per hour for the firm of Baer & Timberlake. However, much like Bankruptcy Courts have established an allowable flat fee for attorneys handling debtor cases, Quicken has agreed with Baer & Timberlake to a flat fee of $150.00 for plan review and $750.00 for preparing and filing the Proof of Claim. See attached invoices in support of the attorneys' fees. This amount of fees and fee structure is the industry standard and is common and generally accepted across the state of Oklahoma for bankruptcy actions.

5. The Note evidencing Debtor's obligation to Creditor (and attached to Creditor's Proof of Claim 1) provides at paragraph 6(E) that Creditor has the right to be paid back by Debtor for all of its costs and expenses in enforcing the Note. These expenses include, for example,

reasonable attorneys' fees. The Mortgage securing the debt provides at paragraph 9 that in legal proceedings that might significantly affect Creditor's interst in the Property and/or rights under the Mortgage (such as a proceeding in bankruptcy…), then Creditor may do and pay whatever is reasonable or appropriate to protect Creditor's interest in the Property and rights under the Mortgage, including paying reasonable attorneys' fees to protect Creditor's interest in the Property and right under the Mortgage, including its secured position in a bankruptcy proceeding. Any amounts disbursed by Creditor pursuant to paragraph 9 shall become additional debt of Debtor borrower secured by the Mortgage and shall bear interest at the Note rate from the date of disbursement.

6. In the event that Debtor is correct in her Objection, Debtor should acknowledge and understand that any amounts not collected against this arrearage will not be subject to discharge.

WHEREFORE, PREMISES CONSIDERED, QUICKEN LOANS INC. prays this Court deny the Motion, determine that Creditor is entitled to the fees set forth in its Post Petition Fee Notice; and for such further relief as this Court deems appropriate.

QUICKEN LOANS INC.

By: <u>s/ Matthew J. Hudspeth</u>
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945
Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 842-7722
Fax: (918) 794-2768
mhudspeth@baer-timberlake.com
Attorney for Creditor

## CERTIFICATE OF SERVICE

      I hereby certify that I mailed a true and correct copy of the above and foregoing Response with postage thereon fully prepaid to the parties listed below on February 12, 2019.

Judith Darlene Snow
1713 Hampton Dr.
Oklahoma City, OK 73115

      The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

John T. Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

Jason A. Sansone
4600 SE 29th St
Del City, OK  73115

By:    s/ Matthew J. Hudspeth
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945
Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 842-7722
Fax: (918) 794-2768
mhudspeth@baer-timberlake.com
Attorney for Creditor