IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
)
JUDITH DARLENE SNOW, )          Case No. 18-14846-JDL
)          Chapter 13
Debtor. )
)

## DEBTOR'S REPLY TO CLAIMANT'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM #1 AND BRIEF IN SUPPORT

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1.      On February 1, 2019, Debtor filed an Objection to Proof of Claim #1 (the "Objection")[1]. [Doc. No. 14].

2.      On February 12, 2019, Quicken Loans Inc. ("Claimant") filed a Response to Debtor's Objection to Proof of Claim #1 (the "Response")[2]. [Doc. No. 18].

3.      The issue at controversy is quite simple and can be summarized succinctly.  It is the "American Rule" that a prevailing litigant is not normally entitled to collect an attorneys' fee from the loser[3].  Under Oklahoma law, attorney fees may only be awarded if authorized by a specific statute or contract provision.  Debtor has conceded that reasonable attorneys' fees are authorized by the agreement between Debtor and Claimant.  Debtor contends that the burden of proof is on Claimant to demonstrate its fees are reasonable but Claimant has failed to do so[4].

---

1. Although Fed. R. Bankr. P. 3007 controls the process for Objections to Claims, Rule 9013 explicitly provides "[a] request for an order, except when an application is authorized by these rules, shall be by written motion…". Accordingly, in the absence of a clear Rule or Local Rule to the contrary, Debtor considers Local Rule 9013-1(C) applicable herein.

2. Even though Local Rule 3007-1(B) was cited and quoted in Paragraph 19 of the Objection, the Claimant who "has been admitted to the practice of law for 26 years and charges an hourly rate of $275.00 per hour" filed the Response with attachments and accompanying exhibits.  Debtor moves this Honorable Court to strike the Exhibits to the Response that are in violation of Local Rule 3007-1(B) as is within this Court's authority pursuant to 11 U.S.C. §105(a).

3. *Fulsom v. Fulsom*, 2003 OK 96, 81 P.3d 652; *See Baker Botts v. Asarco LLC.*, 135 S.Ct. 2158 at 2164, 192 L.Ed.2d 208 (2015)

4. *In re Atwood*, 293 B.R. 227 (B.A.P. 9th Cir., 2003) ("[Claimant] had the affirmative burden of showing reasonableness as a matter of law, the objection, as here, need only note the absence of any such showing, and does not require evidence in support.")

4.      Although the Response did not directly address the Objection[5], notably the *Burk* analysis[6], it did present new, previously unaddressed matters.

5.      Pursuant to Local Rule 9013-1(C)[7], Debtor timely submits this Reply to address the new matters raised in the Response.

## I. CLAIMANT CONFLATES FEE SHIFTING WITH FEE AGREEMENTS

6.      The Response states "Creditor has agreed to the hourly rate of $275.00 per hour for the firm of Baer & Timberlake. However, much like Bankruptcy Courts have established an allowable flat fee for attorneys handling debtor cases, Quicken has agreed with Baer & Timberlake to a flat fee of $2,000.00 plus costs for uncontested forelcosure [sic] actions, with percentages of the total fee paid by Creditor upon completion of certain stages of the foreclosure process."[8]

7.      The flat fee arrangement between Claimant and Claimant's Counsel is not relevant[9].  Attorneys are given wide latitude in how they elect to govern their relationships with clients[10].  While Claimant's Counsel has expressly agreed to certain set fees, Debtor has not[11].  Similarly, presumptive fees for bankruptcy debtors' counsel governs agreed upon attorney-client representation[12] and exist to protect the estate[13].  What is reasonable to charge a client, regardless

---

5. The Response does not contain a single reference to any Rule, Local Rule, Statute, or Case.

6. Objection at ¶ 16

7. Local Rule 9013-1(C) provides "[r]eply briefs are optional and not encouraged. A reply to a new matter raised in the response may be filed within five (5) days after the response is filed. Reply briefs shall not reargue the points and authorities included in the opening brief and shall be limited to five (5) typewritten pages in length. Sur-reply briefs are not permitted except by prior leave of court and may not exceed five (5) typewritten pages in length."

8. Response at ¶ 3

9. *In re Covemaker*, No. 10-83747 (Bankr. C.D. Ill., 2011) ("While law firms are free to negotiate the most favorable fee payment schedule that they can with their clients, the question of reasonableness under section 1322(e) is a separate issue… A law firm could have an agreement with a mortgagee or servicer that the flat fee is earned in full when the complaint is filed, but that doesn't make it reasonable to charge the borrower (or creditors) the full amount.")

10. Oklahoma Rules of Professional Conduct Rule 1.5 (noting that Rule 1.5 contains some, but not all, of the *Burk* factors)

11. *Smith v. Smith*, 305 P.3d 1054 (Okla. Civ. App., 2013) ("… unless the parties stipulate to the amount of the attorney fee award, permissible recovery must be set upon and supported by evidence presented…")

12. *See generally* Local Rules Appendix C "Chapter 13 Guidelines"; United States Bankruptcy Court for the Eastern District of Oklahoma General Order No. 14-06; United States Bankruptcy Court for the Eastern District of Oklahoma General Order No. 16-12; *In re Tahah*, 330 B.R. 777 at 781 (B.A.P. 10th Cir., 2005) (citing *In re Yates*, 217 B.R. 296, 301 (Bankr. N.D. Okla. 1998) ("Courts which permit 'flat' or 'customary' fees to be awarded without a detailed fee application are quick to note that the flat fee is designed to be the maximum fee which will be allowed without the submission of the detailed statements of time and rate contemplated by Bankruptcy Rule 2016, and not a minimum fee to be awarded in all cases.")); *In re Rogers*, 401 B.R. 490 (B.A.P. 10th Cir., 2009) (*citing Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir.1986) ("When a fee

of the time expended on an individual case by case basis, is not *per se* reasonable to expect another party to pay under fee-shifting[14].  Claimant improperly conflates first-party fee agreements with fee shifting requirements.  Neither Claimant Counsel's agreement with Claimant nor Claimant's red herring related to bankruptcy debtors' counsel provide evidence in support of the reasonableness of Claimant's fees nor rebut any of Debtor's arguments contained in the Objection.

## II. SIGNIFICANCE OF OBTAINING BANKRUPTCY RELIEF PRIOR TO JUDGMENT

8.      The Response states "Debtor's argument would seem to state, or at least imply, that attorneys are not entitled to a fee in a foreclosure case until the Court has entered Judgment (or at least set the fee by judicial decree[15]). This defies logic and reason."[16]

9.      Contrary to Claimant's bare assertion, unsupported by any citations, it is logical, reasonable, and the law that attorneys' fees be set by a court of competent jurisdiction[17].

10.      Moreover, the timing of a debtor obtaining relief under the Bankruptcy Code in relation to a foreclosure is significant[18].  A state-court judgment, including any award for attorney fees, would preclude review by this Court[19].  Oppositely, since the Debtor obtained relief prior to any state-court rendering judgment, the issues herein have not been adjudicated. The "allowance or disallowance of claims… and estimation of claims or interests" is squarely

---

application is filed, the attorney seeking approval of the fee has the burden to establish the reasonableness of each dollar for each hour above zero."))

13. 11 U.S.C. § 330

14. *In re Hight*, 393 B.R. 484 at 506 (Bankr. S.D. Tex., 2008) ("… despite its facial appeal, proponents of such a [*per se* reasonableness] rule neglect one issue—reasonableness of attorney's fees should be determined on a *case by case basis*.") (original emphasis); *In re Reconversion Technologies, Inc.*, 216 B.R. 46 at 51 (Bankr. N.D. Okla., 1997) (*citing In re Seneca Oil Co.*, 65 B.R. 902, 908 (Bankr. W.D. Okla. 1986) ("It is not the duty of the court to speculate or theorize as to the work performed."))

15. Noting that Oklahoma only statutorily establishes fee-shifting after judgment. 42 O.S. 176 ("In an action brought to enforce any lien the party for whom *judgment is rendered* shall be entitled to recover a reasonable attorney's fee, *to be fixed by the court*, which shall be taxed as costs in the action.") (emphasis added)

16. Response at ¶ 3

17. "In actions to enforce a mortgage… judgment or judgments shall be rendered for the amount or amounts… and the court shall tax the costs, attorney's fees and expenses which may accrue in the action…" 12. O.S. 686; "A. A judgment, decree or appealable order may provide for costs, attorney fees, or both of these items, but it need not include them… B. If attorney fees or costs, including the amount of such attorney fees or costs have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk" 12. O.S. 696.4

18. Objection at ¶ 2

19. *Soriano v. Wells Fargo Bank, N.A. (In re Soriano)*, 587 B.R. 371 at 386 (Bankr. W.D. Okla., 2018); *See also In re McMullen*, 273 B.R. 558 (Bankr. C.D. Ill., 2001)

within the authority of this Court[20].  The Bankruptcy Court "shall determine the amount of such claim… as of the date of the filing of the petition."[21]

## SUMMARY

11.    Claimant's Response to the Objection only served to confuse what isn't a complex issue.  Curiously, instead of categorically addressing *Burk* in support of their claim or citing any law in opposition to the Objection, Claimant's Counsel has implicitly acknowledged that they do not keep time records[22].  Accordingly, the burden of proof remains on the Claimant to demonstrate the reasonableness of its fees, but Claimant has virtually conceded it cannot do so under the law.

WHEREFORE, it is respectfully requested that Debtor's Objection be granted and for such additional or alternative relief as may be just and proper.

Respectfully Submitted,
**SANSONE HOWELL PLLC**

/s/ Jason A. Sansone
Jason A. Sansone, OBA No. 30913
Sansone Howell PLLC
4600 SE 29th St., Suite 500
Del City, Oklahoma 73115
Telephone: (405) 455-1032
Facsimile: (866) 679-1329
Email: JSansone@SansoneHowell.com
**COUNSEL FOR DEBTOR**

Dated: February 14, 2019

---

20. 28 U.S.C. § 157(b)(2)(B)

21. 11 U.S.C. § 502(b)

22. *Act S., LLC v. Reco Elec. Co.*, 299 P.3d 505 (Okla. Civ. App., 2013) ("Oklahoma case law does require the submission of detailed time records to the trial court"); *See Finnell v. Seismic*, 2003 OK 35, ¶ 17, 67 P.3d 339, 346 ("An attorney seeking an award must submit to the trial court detailed time records and must offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices."); *see also Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 48, 932 P.2d 1091, 1099–1100 ("Lawyers seeking an award of attorney fees are required to 'present detailed time records to the court and to offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal community.' ")

## CERTIFICATE OF MAILING

I, Jason A. Sansone, hereby certify that on February 14, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee and the Office of the United States Trustee.

Further, I certify that on February 14, 2019 a true and correct copy of the above was mailed via U.S. Mail, first class, postage prepaid and properly addressed to the following at the address shown:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

/s/ Jason A. Sansone
Jason A. Sansone, OBA 30913