IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| JUDITH DARLENE SNOW, ) | Case No. 18-14846-JDL |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

**DEBTOR'S REPLY TO CLAIMANT'S RESPONSE TO
DEBTOR'S MOTION FOR DETERMINATION OF FEES, EXPENSES, OR CHARGES
PURSUANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On February 1, 2019, Debtor filed a Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(e) (the "Motion"). [Doc. No. 13].

2. On February 12, 2019, Quicken Loans Inc. ("Claimant") filed a Response to the Motion (the "Response"). [Doc. No. 17].

3. The issue at controversy is quite simple and can be summarized succinctly. It is the "American Rule" that a prevailing litigant is not normally entitled to collect an attorneys' fee from the loser[1]. Under Oklahoma law, attorney fees may only be awarded if authorized by a specific statute or contract provision. Debtor has conceded that reasonable attorneys' fees are authorized by the agreement between Debtor and Claimant. Debtor contends that the burden of proof is on Claimant to demonstrate its fees are reasonable but Claimant has failed to do so[2].

4. Although the Response did not directly address the Motion[3], notably the *Burk*

---

1. *Fulsom v. Fulsom*, 2003 OK 96, 81 P.3d 652; *See Baker Botts v. Asarco LLC.*, 135 S.Ct. 2158 at 2164, 192 L.Ed.2d 208 (2015)
2. *In re Atwood*, 293 B.R. 227 (B.A.P. 9th Cir., 2003) ("[Claimant] had the affirmative burden of showing reasonableness as a matter of law, the objection, as here, need only note the absence of any such showing, and does not require evidence in support.")
3. The Response does not contain a single reference to any Rule, Local Rule, Statute, or Case.

analysis[4], it did present new, previously unaddressed matters.

5.    Pursuant to Local Rule 9013-1(C)[5], Debtor timely submits this Reply to address the new matters raised in the Response.

## I. CLAIMANT CONFLATES FEE SHIFTING WITH FEE AGREEMENTS

6.    The Response states "Creditor has agreed to the hourly rate of $275.00 per hour for the firm of Baer & Timberlake. However, much like Bankruptcy Courts have established an allowable flat fee for attorneys handling debtor cases, Quicken has agreed with Baer & Timberlake to a flat fee of $150.00 for plan review and $750.00 for preparing and filing the Proof of Claim."[6]

7.    The flat fee arrangement between Claimant and Claimant's Counsel is not relevant[7]. Attorneys are given wide latitude in how they elect to govern their relationships with clients[8]. While Claimant's Counsel has expressly agreed to certain set fees, Debtor has not[9]. Similarly, presumptive fees for bankruptcy debtors' counsel governs agreed upon attorney-client representation[10] and exist to protect the estate[11]. What is reasonable to charge a client, regardless of the time expended on an individual case by case basis, is not *per se* reasonable to expect

---

4. Motion at ¶ 15

5. Local Rule 9013-1(C) provides "[r]eply briefs are optional and not encouraged. A reply to a new matter raised in the response may be filed within five (5) days after the response is filed. Reply briefs shall not reargue the points and authorities included in the opening brief and shall be limited to five (5) typewritten pages in length. Sur-reply briefs are not permitted except by prior leave of court and may not exceed five (5) typewritten pages in length."

6. Response at ¶ 4

7. *In re Covemaker*, No. 10-83747 (Bankr. C.D. Ill., 2011) ("While law firms are free to negotiate the most favorable fee payment schedule that they can with their clients, the question of reasonableness under section 1322(e) is a separate issue… A law firm could have an agreement with a mortgagee or servicer that the flat fee is earned in full when the complaint is filed, but that doesn't make it reasonable to charge the borrower (or creditors) the full amount.")

8. Oklahoma Rules of Professional Conduct Rule 1.5 (noting that Rule 1.5 contains some, but not all, of the *Burk* factors)

9. *Smith v. Smith*, 305 P.3d 1054 (Okla. Civ. App., 2013) ("… unless the parties stipulate to the amount of the attorney fee award, permissible recovery must be set upon and supported by evidence presented…")

10. *See generally* Local Rules Appendix C "Chapter 13 Guidelines"; United States Bankruptcy Court for the Eastern District of Oklahoma General Order No. 14-06; United States Bankruptcy Court for the Eastern District of Oklahoma General Order No. 16-12; *In re Tahah*, 330 B.R. 777 at 781 (B.A.P. 10th Cir., 2005) (citing *In re Yates*, 217 B.R. 296, 301 (Bankr. N.D. Okla. 1998) ("Courts which permit 'flat' or 'customary' fees to be awarded without a detailed fee application are quick to note that the flat fee is designed to be the maximum fee which will be allowed without the submission of the detailed statements of time and rate contemplated by Bankruptcy Rule 2016, and not a minimum fee to be awarded in all cases.")); *In re Rogers*, 401 B.R. 490 (B.A.P. 10th Cir., 2009) (*citing Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir.1986) ("When a fee application is filed, the attorney seeking approval of the fee has the burden to establish the reasonableness of each dollar for each hour above zero."))

11. 11 U.S.C. § 330

another party to pay under fee-shifting[12]. Claimant improperly conflates first-party fee agreements with fee shifting requirements. Neither Claimant Counsel's agreement with Claimant nor Claimant's red herring related to bankruptcy debtors' counsel provide evidence in support of the reasonableness of Claimant's fees nor rebut any of Debtor's arguments contained in the Motion.

### SUMMARY

8.      Claimant's Response to the Motion only served to confuse what isn't a complex issue. Curiously, instead of categorically addressing *Burk* in support of their claim or citing any law in opposition to the Motion, Claimant's Counsel has implicitly acknowledged that they do not keep time records[13]. Accordingly, the burden of proof remains on the Claimant to demonstrate the reasonableness of its fees, but Claimant has virtually conceded it cannot do so under the law.

---

12. *In re Hight*, 393 B.R. 484 at 506 (Bankr. S.D. Tex., 2008) ("… despite its facial appeal, proponents of such a [*per se* reasonableness] rule neglect one issue—reasonableness of attorney's fees should be determined on a *case by case basis*.") (original emphasis); *In re Reconversion Technologies, Inc.*, 216 B.R. 46 at 51 (Bankr. N.D. Okla., 1997) (*citing In re Seneca Oil Co.*, 65 B.R. 902, 908 (Bankr. W.D. Okla. 1986) ("It is not the duty of the court to speculate or theorize as to the work performed."))

13. *Act S., LLC v. Reco Elec. Co.*, 299 P.3d 505 (Okla. Civ. App., 2013) ("Oklahoma case law does require the submission of detailed time records to the trial court"); *See Finnell v. Seismic*, 2003 OK 35, ¶ 17, 67 P.3d 339, 346 ("An attorney seeking an award must submit to the trial court detailed time records and must offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices."); *see also Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 48, 932 P.2d 1091, 1099–1100 ("Lawyers seeking an award of attorney fees are required to 'present detailed time records to the court and to offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal community.' ")

WHEREFORE, it is respectfully requested that Debtor's Motion be granted and for such additional or alternative relief as may be just and proper.

> Respectfully Submitted,
> **SANSONE HOWELL PLLC**
>
> /s/ Jason A. Sansone
> Jason A. Sansone, OBA No. 30913
> Sansone Howell PLLC
> 4600 SE 29th St., Suite 500
> Del City, Oklahoma 73115
> Telephone: (405) 455-1032
> Facsimile: (866) 679-1329
> Email: JSansone@SansoneHowell.com
> **COUNSEL FOR DEBTOR**

Dated: February 14, 2019

## CERTIFICATE OF MAILING

I, Jason A. Sansone, hereby certify that on February 14, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee and the Office of the United States Trustee.

Further, I certify that on February 14, 2019 a true and correct copy of the above was mailed via U.S. Mail, first class, postage prepaid and properly addressed to the following at the address shown:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

> /s/ Jason A. Sansone
> Jason A. Sansone, OBA 30913