Case: 18-14846   Doc: 24   Filed: 02/22/19   Page: 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JUDITH DARLENE SNOW, | ) | Case No. 18-14846-JDL |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED WITNESSES, BRIEF IN SUPPORT, AND NOTICE AND OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**
**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to sustain the objection, or you wish to have your views considered, you must file a written response to the objection with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the objection. You should also serve a filestamped copy of the response to the undersigned [and others who are required to be served] and file a certificate of service with the court. If no response is timely filed, the court may sustain the objection and strike the scheduled hearing without further notice.

**NOTICE OF HEARING**
**(TO BE HELD IF A RESPONSE IS FILED)**
**Notice is hereby given that if a response to the Motion is filed, the hearing on the matter will be held on March 12, 2019, at 9:45 a.m. in the 2nd floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On November 20, 2018, Debtor filed a voluntary petition for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Oklahoma [Doc. No. 1].

2. On February 1, 2019, Debtor filed a Motion for Determination of Fees, Expenses,

or Charges Pursuant to Rule 3002.1(e) (the "Motion"). [Doc. No. 13].

3. On February 12, 2019, Quicken Loans Inc. ("Claimant") filed a Response to the Motion (the "Response"). [Doc. No. 17].

4. The Motion is set for hearing on March 12, 2019, at 9:45 a.m. in the 2nd floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 (the "Hearing").

5. On February 14, 2019, Debtor filed her Notice of Witnesses and Exhibits pursuant to Local Bankruptcy Rule 9014-1 for the Hearing. [Doc. No. 21].

6. On February 21, 2019, Claimant filed their Notice of Witnesses and Exhibits for the Hearing. [Doc. No. 23].

7. Claimant's witness and exhibit list proposes to call "Expert Witness(es) to be determined." No witnesses, including experts, are identified by name and thus no witnesses have been disclosed to Debtor by Claimant.

8. Accordingly, Claimant should be limited at the Hearing to only those witnesses timely disclosed to Debtor.

## I. CLAIMANT HAS NOT COMPLIED WITH LOCAL RULE 9014-1

9. Fed. R. Bankr. P. 9014(e) provides that "[t]he court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify."

10. In compliance with Fed. R. Bankr. P. 9014(e), this Court has adopted Local Rule 9014-1 which states:

> "Unless otherwise provided in an order of the Court, any party wishing to present evidence at a scheduled hearing on a contested matter must file and serve on all parties in interest, pursuant to Local Rule 9007-1, a notice listing: a brief description of the exhibits to be offered; the **names** of all witnesses intended to be called; and an estimated length of time to present the evidence and argument. Such notice must be filed no later than twenty (20) days prior to the scheduled hearing date or no later than three (3) days after a notice of hearing is issued by the Court if the notice is issued less than twenty-three (23) days prior to the

scheduled hearing. Upon review of this notice, the Court may schedule a pre-hearing conference and direct any rules governing adversary proceedings to be applied to the matter. Presentation of exhibits is further subject to Local Rule 9017. Failure to comply with this Rule may result in exclusion of the evidence or such other sanction as the Court deems appropriate in the circumstances." (emphasis added)

11. Local Rule 9014-1 was cited in the first sentence of Debtor's Witness and Exhibit List which was electronically served on Claimant using the CM/ECF system.

12. This Court has authority and discretion to enforce any provision of the Local Rules pursuant to § 105 of the Bankruptcy Code and Local Rule 1001-(C).

13. However, this Court has a precedent of enforcing Local Rules. *See generally In re Russell*, No. 14-13943-JDL (Bankr. W.D. Okla., 2016) ("None of the parties filed Lists of Witnesses and Exhibits, exchanged exhibits or delivered exhibits to Chambers as required by Local Rules 9014-1 and 9017-1; accordingly, the parties presented no evidence at hearing…"); *Lonestar Geophysical Surveys, L.L.C. v. Frontier State Bank, Cypress Springs Assocs., LLC (In re Lonestar Geophysical Surveys, L.L.C.)*, No. 15-11872-SAH (Bankr. W.D. Okla., 2015) ("…in the future, any motion not in compliance with the Local Rules will be stricken."); *Se Prop. Holdings, LLC v. Stewart (In re Stewart)*, No. 15-12215-JDL (Bankr. W.D. Okla., 2017) (enforcing Local Rule 9010-1(G)(5)); *In re Oliver*, No. 16-10808-JDL (Bankr. W.D. Okla., 2016) ("Documents filed with the Court which do not comply with the Local Rules… may be stricken without notice and without time to correct the deficiency(ies) at the Court's discretion.").

14. Although Claimant attempted to file a place holder witness and exhibit list, the lack of any disclosure to the Debtor defeats the purpose and spirit of Local Rule 9014-1. The rule explicitly requires names, not catch-all phrases like "to be determined".

15. In addition to Local Rule 9014-1, Fed. R. Civ. P. 37(c)(1), made applicable by Fed. R. Bankr. P. 7037 and 9014, provides that "[i]f a party fails to provide information or identify a witness… the party is not allowed to use that information or witness… at a hearing… unless the failure was substantially justified or is harmless".

16. For all of the foregoing reasons, Debtor respectfully seeks an Order limiting Claimant at the Hearing to only those witnesses timely named and disclosed to Debtor.

WHEREFORE, it is respectfully requested that Debtor's Motion be granted, that Claimant be limited at the Hearing to only the witnesses timely named and disclosed to Debtor, and for such additional or alternative relief as may be just and proper.

        Respectfully Submitted,
        **SANSONE HOWELL PLLC**

        /s/ Jason A. Sansone
        Jason A. Sansone, OBA No. 30913
        Sansone Howell PLLC
        4600 SE 29th St., Suite 500
        Del City, Oklahoma 73115
        Telephone: (405) 455-1032
        Facsimile: (866) 679-1329
        Email: JSansone@SansoneHowell.com
        **COUNSEL FOR DEBTOR**

Dated: February 22, 2019

### CERTIFICATE OF MAILING / ELECTRONIC SERVICE

I, Jason A. Sansone, hereby certify that on February 22, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee, the Office of the United States Trustee, and:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

        /s/ Jason A. Sansone
        Jason A. Sansone, OBA 30913