IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JUDITH DARLENE SNOW, | ) | Case No. 18-14846-JDL |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION TO STRIKE CREDITOR'S
AMENDED AND SUPPLEMENTAL RESPONSE AND BRIEF IN SUPPORT
AND NOTICE AND OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On March 4, 2019, Quicken Loans Inc. ("Claimant") filed an Amended and Supplemental Response to Debtor's Objection to Claim #1 [Doc. Nos. 33 and 34] (the "Amended Response"). The Amended Response is "made pursuant to F.R.C.P. 15(a)(1)(A)." Doc. No. 34 at ¶ 1.

2. Fed. R. Bankr. P. 7015 provides that "Rule 15 F.R.Civ.P. applies in adversary proceedings."

3. The matter herein is not an adversary proceeding but instead is governed by Fed. R. Bankr P. 9014 which provides that in "(a) In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and… (c) Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071." Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015, is not applicable to matters governed by by Fed. R. Bankr P. 9014. *In re Rafter Seven Ranches L.P.*, 414 B.R. 722 at Footnote 74 (B.A.P. 10th Cir., 2009) ("That rule, however does not apply to contested matters under Rule 9014."); *Miller v. Bodenstein (In re Peregrine Fin. Grp., Inc.)* (Bankr. N.D. Ill., 2015) ("Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that certain specified rules in the 7000 series, which apply to adversary proceedings, also apply to contested matters. Rule 7015, however, is not included in that list."); *In re Ross-Tousey*, 549 F.3d 1148 (7th Cir., 2008) ("A the UST now concedes in briefing, Rule 15 did not apply")

4. No Local Rule applies Fed. R. Bankr. P. 7015 to contested matters governed by Fed. R. Bankr. P. 9014. *But see Stavriotis, Matter of*, 977 F.2d 1202 (7th Cir., 1992) ("That Rule states that 'Rule 15 F.R.Civ.P. applies in adversary proceedings.' Ordinarily, 'the filing of an objection to a proof of claim… is a contested matter,' not an adversary proceeding.").

5. Claimant has not sought nor obtained leave of court to file the Amended Response.

6. The Amended Response cites no other legal authoirty to permit the pleading. However, if this Court construes the Amended Response in light of Fed. R. Bankr. P. 9006, Debtor respectfully notes the Amended Response fails to identify any excusable neglect. Fed. R. Bankr. P 9016(b)(1); *See In re Karbel*, 220 B.R. 108 (B.A.P. 10th Cir., 1998) (*citing In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 1498,

123 L.Ed.2d 74 (1993)) ("relevant circumstances include… the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").  One month after being served with the original pleading initiating this matter, the Claimant has chosen to file its Amended Response one week prior to the scheduled hearing.

7.  Accordingly, the Amended Response is procedurally deficient and should be stricken pursuant to 11 U.S.C. § 105.

WHEREFORE, it is respectfully requested that Debtor's Motion be granted and for such additional or alternative relief as may be just and proper.

Respectfully Submitted,
**SANSONE HOWELL PLLC**

/s/ Jason A. Sansone
Jason A. Sansone, OBA No. 30913
Sansone Howell PLLC
4600 SE 29th St., Suite 500
Del City, Oklahoma 73115
Telephone: (405) 455-1032
Facsimile: (866) 679-1329
Email: JSansone@SansoneHowell.com
**COUNSEL FOR DEBTOR**

Dated: March 4, 2019

### CERTIFICATE OF MAILING / ELECTRONIC SERVICE

I, Jason A. Sansone, hereby certify that on March 4, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee, the Office of the United States Trustee, and:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

/s/ Jason A. Sansone
Jason A. Sansone, OBA 30913
