IN IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JUDITH DARLENE SNOW, | ) | Case No. 18-14846-JDL |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S AMENDED MOTION FOR DETERMINATION OF FEES, EXPENSES, OR CHARGES PURSUANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT**

NOW COMES, Judith Snow, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On November 20, 2018, Debtor filed a voluntary petition for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Oklahoma [Doc. No. 1].

2. Quicken Loans Inc. ("Claimant") filed its Form 410S2 Notice of Postpetition Mortgage Fees, Expenses and Charges on January 11, 2019 (the "Claim").

3. The Claim seeks $150.00 for "Plan Review" and $750.00 for filing Proof of Claim 1 (collectively the "Objectionable Fees"). The Objectionable Fees sum to $900.00.

4. On February 1, 2019, Debtor filed the original Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(e) [Doc. No. 13] and served it on Claimant the same day by U.S. Mail, first class, postage prepaid.

5. The undersigned Debtor's Counsel contemporaneously filed a total of six substantively similar motions and objections (collectively the "Companion Cases")[1]. *In re Morris*, 18-13787-JDL; *In re Snow*, 18-14846-JDL; *In re Fanning*, 18-11163-JDL; *In re*

---

1. Debtor uses the term "Companion Case" merely for reference. The matters have not been formally consolidated by the Court nor has any party in interest sought relief to consolidate them.

*Sherwan*, 18-10134-JDL; *In re Mason*, 17-14878-JDL.

6. The Companion Cases were set for hearing on March 12, 2019 (the "Hearing").

7. *Mason* and *Sherwan* were resolved prior to the Hearing.

8. On March 6, 2019, the Hearing was continued to April 12, 2019 for all remaining Companion Cases.

9. A substantial amount of pleadings activity has occurred, to include Motions *in Limine*, Motions to Strike, Applications to Continue and related Objections, and Replies. In the interest of judicial efficiency and to more narrowly present the unique issue presented by the Companion Cases to the Court, the parties have agreed to amend their initial pleadings.[2]

10. For the reasons laid out herein, Debtor seeks a determination of the Objectionable Fees by this Honorable Court pursuant to Fed. R. Bankr. P. 3002.1(e).

## ARGUMENTS AND AUTHORITIES

11. It is the "American Rule" that a prevailing litigant is not normally entitled to collect an attorneys' fee from the loser. *Fulsom v. Fulsom*, 2003 OK 96, 81 P.3d 652 (Okla., 2003); *See generally Botts v. Asarco LLC.*, 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015). Claimant seeks $900.00 in post-petition attorney fees through the filing of a Form 410S2 pursuant to Rule 3002.1(c) of which Debtor seeks a determination.

12. Rule 3002.1(e) provides that "[o]n motion of a party in interest filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments

---

2. Debtor recognizes that this proceeding is governed by Fed. R. Bankr P. 9014 which does not incorporate Rule 7015 into contested matters. The parties' amendments are made by agreement and not procedural right.

in accordance with § 1322(b)(5) of the Code". The underlying agreement and applicable Oklahoma law are determinative. *In re England*, 586 B.R. 795 (Bankr. M.D. Ala., 2018); *see also In re Lighty*, 513 B.R. 489 (Bankr. S.C., 2014) (citing *Deutsche Bank Nat'l Trust Co. v. Tucker*, 621 F.3d 460 (6th Cir., 2010)).

13. Under Oklahoma law, attorney fees may only be awarded if authorized by a specific statute or contract provision. *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648. However, even when attorney fees are recoverable, they must always be reasonable. *JLEE Co., L.L.C. v. Reneau Seed Co.*, 332 P.3d 297, 299 (Okla. Civ. App. 2014).

14. Debtor concedes Claimant is entitled to reasonable attorney fees under the terms of the Note and Mortgage. *See Bank of Am., N.A. v. Malkin,* No. 3:16-CV-694 (MPS), 2018 WL 624636, at *6 (D. Conn. Jan. 30, 2018). The burden of proof is on Claimant to demonstrate that the Objectionable Fees are reasonable. *In re Atwood,* 293 B.R. 227 (B.A.P. 9th Cir., 2003) ("A secured claim holder has the burden of proving the reasonableness of its fee claim, whether under § 506(b) or under § 1322."); *JLEE Co., L.L.C.*, 332 P.3d 297 at 301 ("… the moving attorney to offer evidence of… the reasonableness of the total time spent under the *Burk* criteria…").

15. Oklahoma's seminal case on attorney's fees is *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659 (Okla. 1979). In *Burk*, the Court laid out the formula a trial court must apply in computing attorney's fees. The proper procedure to be followed by trial courts in determining a reasonable attorney fee is to **first, determine the hourly compensation on an hourly rate basis** and then, to add an additional amount based on the following guidelines: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Id*. at 661 (emphasis added). The strictly hourly figure arrived at by the court is called the "time compensation factor." *Id*. All other factors are classified as an "incentive fee or bonus." *Id*.

16. *Burk* directs trial courts to first determine the hourly compensation on an hourly rate basis. *Id*. In order to determine the reasonable hours to compensate, Oklahoma law requires the submission of detailed time records to the court. *Act S., LLC v. Reco Elec. Co.*, 299 P.3d 505 (Okla. Civ. App., 2013); *See Finnell v. Seismic*, 2003 OK 35, ¶ 17, 67 P.3d 339, 346 ("An attorney seeking an award must submit to the trial court detailed time records…"); *See also Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 48, 932 P.2d 1091, 1099–1100 ("Lawyers seeking an award of attorney fees are required to 'present detailed time records to the court'…"); *Spencer v. Oklahoma Gas & Elec. Co.*, 171 P.3d 890, 2007 OK 76 (Okla., 2007). ("An attorney seeking an award must submit detailed time records…").

17. Oklahoma law is not unique in requiring detailed time records to support an award of attorney's fees. *See generally "Department of Justice Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases"* (Requiring billing records in increments of one-tenth hour); *American Bar Association Formal* Op. 93-379 (December 6, 1993); *"Guidelines for Administering the Criminal Justice Act and Related Statutes, Chapter 2: Appointment and Payment of Counsel"* (Requiring billing records in increments of one-tenth hour).

18.     In the absence of detailed time records, neither the Court nor Debtor can ascertain who performed a task, what the nature of the task was, and how long the task took to perform. *Act S., LLC*, 299 P.3d 505 at 510 (*citing Conti v. Republic Underwriters Ins. Co.*, 1989 OK 128 at ¶ 23, 782 P.2d at 1362 ("One of the reasons behind our statement in *Burk* was to ensure that a trial court, and later the reviewing court, have an adequate record upon which to judge the reasonableness of an attorney fee award.")).  That lack of detail deprives the Court and Debtor of any meaningful scrutiny.  *Oklahoma Natural Gas v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263-64 (N.D. Okla. 2004) (applying Oklahoma law) ("It is the applicant's responsibility to provide the court with contemporaneous billing records containing sufficient detail to allow the Court to determine if the fees requested were reasonable and necessary."); *State ex rel. Burk*, 598 P.2d 659 at 663 ("This will enable trial courts to remove the fixing of attorney fees… from the realm of speculation…"); *See generally Pursley v. Mack Energy Co.*, 908 P.2d 289, 291-92 (Okla. Civ. App. 1995).  For example, it is impossible for the Court or Debtor to know if the Objectionable fees seek compensation for tasks which are more appropriately assigned to non-attorney support staff.  *Henderson v. Horace Mann Ins. Co.*, 560 F. Supp. 2d 1099, 1104 (N.D. Okla. 2008) (applying Oklahoma law) ("It is also noteworthy that there are a significant number of time entries… for tasks that would more appropriately be assigned to a paralegal at a much reduced hourly rate."); *In re Ortega* (Bankr. S.D. Tex., 2013) (denying fees for clerical tasks); *Taylor v. Chubb Group of Ins. Companies*, 874 P.2d 806 (Okla., 1994) ("Charges were made for… doing other secretarial tasks, rather than substantive legal work").

19.     In the same vein as Oklahoma law, Rule 3002.1(c) notices must provide adequate descriptions for the attorney's fees sought.  *In re Hale* (Bankr. S.C., 2015) ("simply including Review of Plan or Proof of Claim on the 3002.1 Notice… does not necessarily explain to the

debtor, the trustee, or the Court why the services of an attorney were needed, whether the charges are reasonable on the particular facts of the case, who performed the work, the time spent on the task, the rate charged, etc."); *In re Lighty*.

20.     Unfortunately, as is industry standard for the mortgage servicing industry, Claimant's Counsel does not keep detailed billing records. *E.g. In re Mason*, 17-14878-JDL, Doc. No. 60 at ¶ 5. Instead, Claimant and Claimant's Counsel has agreed to a flat fee arrangement.

21.     The flat fee arrangement between Claimant and Claimant's Counsel does not alter the *Burk* factors or requirement to submit detailed time records. *In re Covemaker*, No. 10-83747 (Bankr. C.D. Ill., 2011) ("While law firms are free to negotiate the most favorable fee payment schedule that they can with their clients, the question of reasonableness under section 1322(e) is a separate issue… A law firm could have an agreement with a mortgagee or servicer that the flat fee is earned in full when the complaint is filed, but that doesn't make it reasonable to charge the borrower (or creditors) the full amount."). While Claimant's Counsel has expressly agreed to certain set fees, the Debtors in the Companion Cases have not. *Smith v. Smith*, 305 P.3d 1054 (Okla. Civ. App., 2013) ("… unless the parties stipulate to the amount of the attorney fee award, permissible recovery must be set upon and supported by evidence presented…").

22.     Moreover, it is important to distinguish reasonableness under fee-shifting, at issue herein, from first-party attorney-client relationships. For example, presumptive fees for bankruptcy debtors' counsel governs agreed upon attorney-client representation and also exist to protect the estate. *See generally* Local Rules Appendix C "Chapter 13 Guidelines"; *In re Tahah*, 330 B.R. 777 at 781 (B.A.P. 10th Cir., 2005) (*citing In re Yates*, 217 B.R. 296, 301 (Bankr. N.D. Okla. 1998) ("Courts which permit 'flat' or 'customary' fees to be awarded without a detailed

fee application are quick to note that the flat fee is designed to be the maximum fee which will be allowed without the submission of the detailed statements of time and rate contemplated by Bankruptcy Rule 2016, and not a minimum fee to be awarded in all cases.")); *In re Rogers*, 401 B.R. 490 (B.A.P. 10th Cir., 2009) (*citing Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1203 (10th Cir.1986) ("When a fee application is filed, the attorney seeking approval of the fee has the burden to establish the reasonableness of each dollar for each hour above zero.")). Thus, while it may be reasonable for an attorney to charge a client a flat rate, regardless of the time expended on an individual case by case basis, it is not necessarily reasonable to expect another party to pay the same. *E.g. In re Reconversion Technologies, Inc.*, 216 B.R. 46 at 51 (Bankr. N.D. Okla., 1997) (citing *In re Seneca Oil Co.*, 65 B.R. 902, 908 (Bankr. W.D. Okla. 1986) ("It is not the duty of the court to speculate or theorize as to the work performed.")); *Contra. In re Mandeville*, No. 17-40777-JJR, 2019 WL 366402 (Bankr. N.D. Ala, 2019) ("Although the attorneys charged a flat fee for their work, the court is convinced that the time expended and legal expertise required to perform the tasks described by Carrington's attorneys justified the $300…") (applying Alabama law).

23. Debtor does not deny there is some attraction to a policy permitting attorney's fee awards on a flat-rate, presumptive, or "no-look" basis, but such a policy simply isn't supported by the law. "A rule holding market appropriate flat fee attorney's fees to be *per se* reasonable maintains some appeal in that it allows debtors to allocate risk amongst themselves. A flat fee regime would allow debtors to avoid large attorney's fees should their case prove particularly labor intensive. Moreover, such an allocation of risk could be had at the sole cost of paying a flat rate regardless of how little effort was actually put into the case. However, despite its facial appeal, proponents of such a rule neglect one issue—reasonableness of attorney's fees should be

determined on a *case by case basis.*" *In re Hight*, 393 B.R. 484 (Bankr. S.D. Tex., 2008) (original emphasis); *See also In re Mandeville* (citing *In re England*) ("reasonableness should be determined on a case-by-case basis"). Although the *Hight* court was applying Texas law while the *Mandeville* and *England* courts were applying Alabama law, *Burk* and subsequent progeny result in the same conclusion that attorney's fees should be determined on an individualized, case by case basis. *C.f. In the Matter of the Adoption of Baby Boy A*, 2010 OK 39, 236 P.3d 116 (Okla. 2010) (Examining flat-fee attorney's fee award).

## SUMMARY

24. Although the Claimant is entitled to a reasonable attorney's fee, Oklahoma law requires detailed time records to support such an award. Upon information and belief, Claimant has no such records. Claimant cannot attest with certainty exactly how much time was required in the above captioned case.

25. The Claim's Objectionable Fees are unreasonable under Oklahoma law and the Claimant has presented no evidence or law to the contrary. For all the reasons set forth above, it is respectfully requested that this Honorable Court determine the Objectionable Fees unreasonable, to deny the Objectionable Fees, and that Claimant be directed not to include such denied fees in any further proof of claim or Rule 3002.1 Notice.

WHEREFORE, it is respectfully requested that Debtor's Amended Motion be granted and for such additional or alternative relief as may be just and proper.

                                                       Respectfully Submitted,
**SANSONE HOWELL PLLC**

/s/ Jason A. Sansone
Jason A. Sansone, OBA No. 30913
Sansone Howell PLLC
4600 SE 29th St., Suite 500
Del City, Oklahoma 73115
Telephone: (405) 455-1032
Facsimile: (866) 679-1329
Email: JSansone@SansoneHowell.com
**COUNSEL FOR DEBTOR**

Dated: March 13, 2019

## CERTIFICATE OF MAILING / ELECTRONIC SERVICE

     I, Jason A. Sansone, hereby certify that on March 13, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee, the Office of the United States Trustee, and:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

/s/ Jason A. Sansone
Jason A. Sansone, OBA 30913