IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

**JUDITH DARLENE SNOW,**

    DEBTOR.

Case No.: BK-18-14846-JDL
Chapter 13

### RESPONSE TO AMENDED MOTION FOR DETERMINATION OF FEES. EXPENSES, OR CHARGES PURUSANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY OF HEARING FILED BY DEBTOR

Comes now the secured creditor, QUICKEN LOANS INC., by their attorney, Matthew J. Hudspeth, and responds to the AMENDED MOTION FOR DETERMINATION OF FEES. EXPENSES, OR CHARGES PURUSANT TO RULE 3002.1(E) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY OF HEARING FILED BY DEBTOR filed by the Debtor on March 13, 2019 (Doc 47):

On March 4, 2019, Quicken Loans Inc. ("**Quicken**") filed an Amended and Supplemental Response to Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(E)(the "**Amended Response**")(Doc. 36)[1]. The Amended Response attached an Affidavit from counsel for Quicken. The Affidavit, in turn, attached detailed time records reflecting a detailed itemization of the date work was performed, the work performed, time required, hourly rate and total fees associated with the fees sought in Quicken's 410S2 Notice of Postpetition Mortgage Fees, Expenses and Charges.

On March 13, 2019, Judith Snow ("**Debtor**") filed an Amended Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(E)(the "**Amended Objection**")(Doc. 47). In the body of the Amended Objection, Debtor cites *State ex rel. Burk v.*

---

[1] The Amended Response and evidence attached thereto is incorporated herein by reference.

*City of Oklahoma City*, 1979 OK 115, 598 P.2d 659, and more than thirty other cases as authority for the universally known rules of Oklahoma law governing the award of attorney fees. Although Debtor's "*Argument and Authority*" repeatedly references a lack of "detailed time records," Debtor fails to explain how Quicken's Amended Response and the evidence attached thereto is deficient.

Debtor waits until the "*Summary*" to give a hint into the exact nature of Debtor's objection in this particular case, explaining: ". . . Oklahoma law requires detailed time records to support [an attorney fee] award. ***Upon information and belief, [Quicken] has no such records. [Quicken] cannot attest with certainty exactly how much time was required*** in the above captioned case." (emphasis added).

Thus, it appears that the precise issue that Debtor is presenting to the Court in this action is whether it is permissible under Oklahoma law for an attorney to make a backward-looking estimation of the amount of time it took to perform a given task when seeking an award of attorney fees. Interestingly, this question was answered in *Burk*, the very case Debtor cites as "Oklahoma's seminal case on attorney fees . . ."

In *Burk*, the disputed attorney fee award was based on an attorney fee awarded to a law firm that did not keep *any time records* during the course of the underlying litigation. During the trial court attorney fee application process, the law firm completely reconstructed the number of hours it had expended in the case based on a review of the firm's files and court files, concluding that the firm had spent approximately 2,500 hours on the case. On appeal, "[t]he sole issue [was] whether or not the attorney's fees of $225,000.00 awarded by the trial court [was] excessive." *Id*. at 660. In affirming the trial court in part, the Oklahoma Supreme Court did not even question the appropriateness of allowing a firm to reconstruct time records or make estimations of the amount of time it took to perform the tasks reflected on the reconstructed records.

The appropriateness of considering reconstructed time records was affirmed more than twenty years later in *Usrey v. Wilson*, 2003 OK CIV APP 25, 66 P.3d 1000. In *Usrey*, the trial court denied the prevailing party's application for attorney fees. *Id*. at 1002. During the fee application hearing, the prevailing party's attorney testified about the time he spent on the case as a whole and his normal hourly rate, but produced no other documentation corroborating the time spent on specific tasks. *Id*. The trial court concluded that the prevailing party had presented sufficient evidence on the reasonableness of the fee but had failed to present "detailed time records" to support the fee request as to work performed outside of conducting the trial. *Id*.

Citing *Burk* as approval, the Court of Civil Appeals stated that it is permissible under Oklahoma law to base an attorney fee award ". . . on a reconstruction of the time spent on a case based upon other records which verify the activity in the case, such as the court file or the attorney's copies of letters, pleadings or file memoranda." *Id*. The Court concluded, however, that it was inappropriate to make an attorney fee award based ". . . only on general estimates of the amount of time spend [making] no attempt to demonstrate the date of services or even the specific nature of services performed. *Id*. at 1002.

Subsequent to *Burk* and *Usrey*, an attorney fee award based on reconstructed time was specifically recognized and allowed in *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, n. 20, 171 P.3d 890; and *Young v. Spencer*, 2017 OK CIV APP 58, 405 P.3d 701.

Reduced to its core, Debtor contends that a creditor cannot obtain an attorney fee award in the absence of evidence that the amount of time it took to perform a specific task was recorded "contemporaneously" with the task that was performed. The cases cited *supra* squarely contradict Debtor's position. Over a span of nearly 40 years, Oklahoma appellate courts have consistently approved the practice of awarding attorney fees based on reconstructed time records. The "reconstruction" of attorney time records necessarily implies that the specific amount of

time it took to perform a task has been estimated based upon the attorney's experience, sometimes years after the task was performed. In the case at bar, Quicken has provided detailed time records reflecting a detailed itemization of the date work was performed, the work performed, time required, hourly rate and total fees. Accordingly, Quicken's request is in full compliance with *Burk* and its progeny.

WHEREFORE, PREMISES CONSIDERED, QUICKEN LOANS INC. prays this Court deny the Amended Motion, determine that Creditor is entitled to the fees set forth in its Post Petition Fee Notice; and for such further relief as this Court deems appropriate.

QUICKEN LOANS INC.


By: <u>s/ Matthew J. Hudspeth</u>
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945
Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 842-7722
Fax: (918) 794-2768
mhudspeth@baer-timberlake.com
Attorney for Creditor

## CERTIFICATE OF SERVICE

      I hereby certify that I mailed a true and correct copy of the above and foregoing Response with postage thereon fully prepaid to the parties listed below on March 22, 2019.

Judith Darlene Snow
1713 Hampton Dr.
Oklahoma City, OK 73115

      The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

John T. Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

Jason A. Sansone
4600 SE 29th St
Del City, OK  73115

By:    s/ Matthew J. Hudspeth
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945
Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 842-7722
Fax: (918) 794-2768
mhudspeth@baer-timberlake.com
Attorney for Creditor