**Dated: May 9, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                )
                                      )
Judith Darlene Snow,                  )          Case No. 18-14846-JDL
                                      )          Ch. 13
                    Debtor.           )

## ORDER DENYING DEBTOR'S OBJECTION TO CLAIM # 1
## AND DETERMINING FEES PURSUANT TO RULE 3002.1

### I. Introduction

Quicken Loans Inc. ("Quicken") is the holder of a first mortgage on the Chapter 13 Debtor's residence. Debtor challenges the reasonableness of Quicken's claim of $1,000 for pre-petition foreclosure attorney's fees and $900 for post-petition attorney's fees. Before the Court for consideration are: (1) the *Debtor's Amended Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(E)* ("the Motion") [Doc. 47]; (2) *Debtor's Amended Objection to Proof of Claim #1* (the "Objection") [Doc. 48]; (3) *Response to Amended Objection to Claim by Debtor* filed by Quicken [Doc. 52]; and (4) *Response to Amended Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule*

*3002.1(E)* filed by Quicken [Doc. 53].

On April 12, 2019, the matter came on for evidentiary hearing.[1]  After consideration of the arguments of counsel, the evidence submitted and the applicable law, the Court announced its decision from the bench.  For the reasons stated in open court which are incorporated herein by reference, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ.P. 52(a), made applicable to these bankruptcy proceedings by Fed.R.Bankr.P 7052 and 9014(c)[2].

## II. Jurisdiction

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Order of Reference contained in Local Rule LCvR 81.4 of the United States District Court for the Western District of Oklahoma.  This is a contested matter under Rule 9014 to determine whether attorney's fees incurred pre-petition and post-petition in a Chapter 13 case by a creditor holding a claim secured by a mortgage encumbering a debtor's principal residence are allowable under Rules 3001 and 3002.1(e), respectively.  Thus, this is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) - allowance

---

[1]The hearing on the present case was conducted concurrently with two other Chapter 13 cases in which the Debtors were represented by the same counsel, and the issues presented were similar.  *In re Wilma Jean Morris*, Case No. 18-13787-JDL; *In re Joseph and Sarah Fanning,* Case No. 18-11163-JDL.

At the commencement of the hearing the Court announced, and the parties agreed, that the court would take judicial notice of all matters filed in the case as set forth on the Court Docket Sheet, including those pleadings which may have antedated and been supplemented or amended by the specific pleadings listed in the Introduction to this Order.  Further, there was no objection by any of the parties to the Witness and Exhibit Lists filed by the Debtor [Doc. 51] and Quicken [Doc. 54].

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

or disallowance of claims against the estate - and the court may enter a final order herein. Both parties have participated fully in the litigation of this matter without challenging the jurisdiction of this Court to enter final orders and have thus consented to the same.

### III. Findings of Fact

1. On November 20, 2018, Debtor filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Bankruptcy Code. [Doc.1].

2. In her Schedule D, Creditors Who Have Claims Secured by Property, the Debtor listed the claim of Quicken which was secured by the Debtor's principal residence at $68,392 and valued the residence at $59,000. [Doc.1, pg.18].

3. On December 28, 2018, pursuant to Rule 3001, Quicken timely filed a Proof of Claim (POC) (Official Form 410) in which it listed the amounts due on the petition date under the Note and the Mortgage, including principal, interest, prepetition fees and charges, escrow deficiency, and the calculation of the prepetition arrearage. [POC 1-1]. In its POC, Quicken asserted a secured claim in the amount of $69,168.99 based on a first mortgage on the Debtor's principal residence. [POC 1-1]. The POC Part 5: "Loan Payment History from First Date of Default" itemized $1,000 in attorney's fees (in separate amounts of $600 and $400), expenses of $125 for a title report, $15 for a property inspection, $975 for title costs, $272.14 for court filing fees, $25 for notice of *lis pendens* and $300 for process server's fees, bringing the total to $2,778.92 in pre-petition fees and costs. Only the claim for attorney's fees in the amount of $1,000 is at issue.

4. Kim S. Jenkins, an attorney at the Baer & Timberlake law firm representing Quicken in the state foreclosure proceedings brought against the Debtor, testified,

consistent with her Affidavit filed in the case and introduced as a trial exhibit, [Doc. 34-1; Quicken Ex.1], that the standard hourly fee which experienced attorneys at Baer & Timberlake charge is $350 and staff charges at $125 per hour.  Jenkins testified that Quicken is normally charged at the preferential rate of $275 per hour.  Jenkins testified that the time records of Baer & Timberlake indicated that the firm had expended 9.1 hours for work on the foreclosure.  Jenkins' Affidavit stated that had Baer & Timberlake charged its normal preferential contractual hourly rate with Quicken of $275 per hour, the amount charged for the foreclosure up to the filing of bankruptcy would be $2,502.50.  If the firm had charged its customarily hourly rate of $350 per hour and staff charges of $125 per hour, the amount charged would be $1,418.75. [Doc. 34-1; Quicken Ex.1].

5.  These hourly charges, however, were never billed to Quicken, nor are they sought to be recovered as a claim in this bankruptcy. Jenkins testified that in normal foreclosure matters Baer & Timberlake had a contractual "flat fee" arrangement with Quicken of $1,000 for the filing of a foreclosure, the amount of attorney's fees also claimed in the POC. [Doc. 34-1; Quicken Ex.1].

6.  After the filing of its POC, on January 11, 2019, pursuant to Rule 3002.1(c), Quicken filed Official Form 410S2 - "Notice of Postpetition Mortgage Fees, Expenses, and Charges" - claiming an additional $900, comprised of $150 attorney's fees for "Plan Review", $500 attorney's fees for "Bankruptcy/ Proof of Claim fees" and $250  for "other - 410A" fees and expenses. [POC 1-1, doc., 1/11/19].   No further detail or documentation regarding the fees was provided in the Form 410S2.

7.  Matthew Hudspeth, an attorney in practice for 27 years including 16 years with Baer & Timberlake responsible for handling bankruptcy matters for Quicken, testified,

consistent with his Affidavit and time records of Baer & Timberlake, as to post-petition attorney's fees expended by the firm in the Debtor's bankruptcy.  As with the testimony of Jenkins, Hudspeth testified that while experienced attorneys at Baer & Timberlake customarily charged clients $350 per hour and staff at $125 per hour, the hourly fee normally charged Quicken was the preferential hourly rate of $275.  The time records testified to by Hudspeth indicated the time expended for "plan review" was 1.4 hours, and 4.95 hours spent on "POC preparation and filing". [Doc. 36-1 & 2; Quicken Ex. 4 & 5]. Hudspeth testified that the time entries on the records were not made contemporaneously with the description of the work contained therein.  The time was "reconstructed" by examining the firm's computer system which contained the date, nature of the service provided and the name of the person performing the same.  Hudspeth concluded that based upon his experience and knowledge of the file that the time records were an accurate representation of the time and services charged by Baer & Timberlake and are fair and reasonable.

8.  Michael McCormick, a senior partner in the bankruptcy department at McCalla Raymer, LLC, a national law firm with offices in 10 states, was called as an expert witness by Quicken.  McCormick is licensed to practice in 11 states and the concurrent federal court districts.  He has written many articles and has been an instructor in numerous continuing legal education seminars/webinars on federal regulations governing escrow accounts and the 2011 and 2016 Bankruptcy Rule amendments to  Rule 3002.1.  He has been active with the National Association of Chapter 13 Trustees Mortgage Committee by

helping to draft "Best Practices for Trustees and Mortgage Servicers in Chapter 13".[3] McCormick testified at length as to the methodology and importance of proper preparation and filing of a creditor's Proof of Claim (Official Form 410), Mortgage Proof of Claim Attachment (Official Form 410A) and Notice of Postpetition Mortgage Fees, Expenses and Charges (Official Form 410S2). McCormick testified that he reviewed Baer & Timberlake's computer records, client screens and interviewed personnel responsible for plan review and preparation of proofs of claim forms (410, 410A and 410S2) and found that they were accurate and in accordance with Baer & Timberlake's procedures. In McCormick's expert opinion the charge of $500 made by Baer Timberlake for proof of claim matters was "more than reasonable" and "on the low end of what I've seen". McCormick noted that the Federal Home Loan Mortgage Corporation (Freddie Mac) had just announced, effective April 18, a suggested $950 fee for plan review and proof of claim preparation and filing, less than the amount charged in this case by Baer & Timberlake to Quicken. The $250 for "attorney's fees" on the Official Form 410A is reasonable as "it is actually consistent with other Governmental Service Enterprises (GSE's) and Freddie Mac allows a higher fee." The Quicken Mortgage attached to the POC filed by Quicken provides in paragraph 13 regarding fees that "[l]ender may collect fees and charges authorized by the [HUD] Secretary." As to the *Burk*[4] factors applicable to the present case, McCormick testified that specialized knowledge is used to prepare the proof of claim, that Baer & Timberlake has the specialized skill requisite to perform the legal services properly, that Quicken has had

---

[3] See for example, McCormick, *Understanding Official Form 410A*, NACTT Quarterly, Vol. 28, No. 4 (2016). [Quicken Ex. C-1].

[4] *State of Oklahoma, ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659

a relationship with Baer & Timberlake for more than 10 years and further the complexity of the work involved presents significant risks.

9. As with his testimony to the post-petition attorney's fees, charges and expenses in the total amount of $900, McCormick testified that he had reviewed time records and the Affidavit of Kim Jenkins pertaining to the pre-petition state foreclosure services rendered by Baer & Timberlake for which it charged Quicken, and was seeking here, $1000. McCormick opined that both the services rendered and the amount charged were reasonable.

10. Bret Davis testified as an expert witness for Quicken. Davis, has practiced law for 26 years with the Lamun Mock Cunnyngham & Davis law firm in Oklahoma City, which Davis described as a "default services" law firm, focusing on representing creditors in various stages of state court foreclosures, bankruptcies, evictions, title matters and litigation involving foreclosures and bankruptcy. Davis works in all practice areas, including state court foreclosures, title matters, general business litigation, complex litigation, bankruptcy litigation and appellate practice. Davis opined, in considerable detail, that the time expended, the hourly rate/flat rate and the nature of services reflected in the Baer & Timberlake time records were reasonable, customary and necessary for the foreclosure of any FHA loan.

11. It was Davis' opinion that Baer & Timberlake was being underpaid by requesting a $1,000 fee. Davis testified that it was not unusual in uncontested foreclosure proceedings for a law firm not to keep contemporaneous time records but merely to make contemporaneous entries for tasks performed. Davis, himself, does keep contemporaneous time records, and his experience is that reconstructing time records results in under-billing. Davis testified that under the U.S. Department of Housing (HUD)

policy and procedures regarding all FHA insured home mortgages (HUD Mortgage Letter 2016-03) the maximum amount of $2,000 was permitted in Oklahoma for completed foreclosures.

## IV. Burden of Proof

As discussed above, there are two separate matters before the Court. First, there is the *Debtor's Objection to Quicken's Proof of Claim #1 for Pre-petition Attorney's Fees*. Secondly, there is *Debtor's Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(e) for Post-petition Attorney's Fees*. These separate matters are subject to different burdens of proof.

A. **The Burden of Proof for Pre-Petition Attorney's Fees and Costs**.

If the creditor files a proof of claim, the claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a)[5]. Rule 3001(f) states that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." The objecting party carries the burden of going forward with evidence supporting the objection to the validity of the amount of the claim. *In re Wheatley,* 251 B.R. 430, 432 (Bankr. N.D. Okla. 2000); *In re Eastman*, 588 B.R. 600, 602 (Bankr. D. Colo. 2018). Such evidence must be of a probative force equal to that of the allegations of the proof of claim in order to shift the burden of ultimate persuasion to the proponent of the claim. *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992), abrogated on other grounds, *Raleigh v. Illinois Dept. of Revenue*, 503 U.S. 15, 120 S.Ct. 1951 (2000); *Eastman*, supra.; *4 Collier on Bankruptcy*, ¶ 502.02 (3)(f) (16th Edition 2019).

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Debtor has argued that a party seeking court approval of attorney's fees bears the burden of proving the same. That may be true in many instances but not in this case. Quicken's POC is filed under Rule 3001, not under Rule 3002.1 which places the burden of proof for post-petition fees upon the claimant/mortgagee. Nor is Quicken seeking attorney's fees as a moving party. It is merely seeking fees as part of its POC.

Rule 3001(c)(2)(A) provides, in relevant part, that:

> If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

The question then becomes whether Quicken's POC contains the required itemization under Rule 3001 quoted above. If it doesn't, Quicken would not enjoy the Rule 3001(f) *prima facie* evidentiary effect of a claim that is filed in accordance with the Rules. If Quicken's claim is not entitled to that evidentiary presumption, it bears the full burden of proof to support its claim. *In re Jimenez*, 487 B.R. 543, 546 (Bankr. D. Colo. 2013).

Judge Janice Karlin faced the virtually identical issue as the one presented here in *In re Kennedy*, 568 B.R. 367, 372-73 (Bankr. D. Kan. 2017). There the Court stated as follows:

> The current proof of claim form requires that claimants check a box if their claim "includes interest or other charges in addition to the principal amount of the claim." If it does, claimants are then instructed to attach an "itemized statement of interest or charges." In support of its proof of claim, (creditor) attached the promissory note, a borrower "summary sheet" listing types of loans and their status, and then a print out of the loan payoff sheet for Debtor's loans, listing the principal outstanding, the unpaid interest accrued, the unpaid collection costs, and the unpaid other charges, and the total payoff.
>
> ****
>
> Obviously, to ensure compliance with the intent of Rule 3001,

> providing more information is always the better choice. But the Court does not find here that (Creditor) failed under Rule 3001(c)(2)(A) to give enough information such that Debtor could not "make clear the basis for the claimed amount." (Creditor) broke down its total claim into principal, interest, charges, and collection costs, and gave the subtotal for each category. From this information, debtor was able to determine what portion of the claim to object to, and how to frame her objection. As a result, the Court chooses not to exercise its discretion to impose a remedy under Rule 3001(c)(2)(D), and concludes that (Creditor's) proof of claim was filed in accordance with Rule 3001, thereby entitling (Creditor) to the presumption of prima facie evidence of the validity and amount of its claim.

Thus, the court held that the creditor was "entitled to the presumption of *prima facie* evidence of the validity and amount of its claim, and that the 'standard' burden-shifting framework for claims applied. This Court agrees. Furthermore, in the present case, the breakdown of charges in the Quicken POC is even greater than that of the creditors in *Kennedy*. The burden of proof was therefore upon the Debtor to refute the $1,000 claim for attorney's fees.

In the present case, even if the Objection filed by the Debtor prior to Quicken coming forward with its Affidavit and time records [Doc. 34-1 & 2] shifted the burden of proof to Quicken to establish its claim, Quicken's evidence at trial overwhelmingly established that it had met any such burden of proof.

B. **The Burden of Proof for Post-Petition Attorney's Fees, Expenses and Charges.**

Under Rule 3002.1(d), the *prima facie* evidentiary benefits of filing a proof of claim under Rule 3001(f) do not apply to a creditor's notice of post-petition fees. *In re Susanek*, 2014 WL 4960885, at * 2 (Bankr. W.D. Pa. 2014) ("Unlike a standard proof of claim, a notice filed under Rule 3002.1 does not constitute *prima facie* evidence as to the validity

or amount of the claimed charges."). As one court pointed out that the lack of evidentiary

benefits under Rule 3002.1:

> "suggests that the drafters did not intend to afford creditors any special advantage with respect to supplemental fees and charges. Moreover, the creditor is the party seeking to change the status quo by asking for amounts beyond the amount set forth in the original proof of claim—a typical basis for assigning the burden of proof, and the Debtor's request for a "determination" or declaratory relief under Rule 3002.1(e) does not change this fact. Similarly, in general the creditor is the entity with the greater knowledge of the circumstances giving rise to the supplemental charges ... Therefore, the court finds that the risk of non-persuasion under Rule 3002.1(e) falls on the Lender."

*In re Brumley,* 570 B.R. 287, 289 (Bankr. W.D. Mich. 2017). The Court agrees that despite

the fact that it is the Debtor filing the Motion and Objection, it is Quicken who is seeking

approval of its fees and thus must bear the burden of proving its entitlement to the post-

petition fees under Rule 3002.1(e).

## V. Analysis

Oklahoma follows the "American Rule" with regard to the recovery of attorney's fees,

i.e. each litigant bears the cost of his legal representation and courts are without authority

to assess and award attorney's fees in the absence of a specific statute or specific

contractual provision between the parties. *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16,

806 P.2d 648; *Whitehorse v. Johnson,* 2007 OK 11,156 P.3d 41; *Alyeska Pipeline Service*

*Co. v. The Wilderness Society*, 421 U.S. 240, 247, 257-59, 95 S.Ct. 1612 (1975); *Baker*

*Botts, L.L.P. v. ASARCO LLC.*, ___U.S.___, 135 S.Ct. 2158 (2015) (The "basic point of

reference when considering the award of attorney's fees is the bedrock principle known as

the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute

or contract provides otherwise."). The parties agree that both the underlying Note and Mortgage provide for the recovery of attorneys fees by Quicken.[6] The question is whether there is an evidentiary basis for the claimed $1,000 pre-petition attorney's fees for the foreclosure and $900 for post-petition fees and expenses.

## A. Pre-petition Claim for Attorney's Fees.

As recited above, the time records and the testimony provided indicated that 9.1 hours was expended by Baer & Timberlake for the state court foreclosure proceedings prior to the bankruptcy. The testimony and affidavits also indicated that Baer & Timberlake had an agreement with Quicken to bill for services rendered at a preferential "blended" rate of $275 per hour or at a flat rate of $1,000 for foreclosure work. If the preferential "blended" rate for Quicken were applied to the 9.1 hours expended, it would result in a total fee of $2,502.50. However, the Court is not bound by any fee agreement between the attorney and the client rather, the Court's responsibility is to determine whether the fee requested is reasonable. *In re Covemaker*, 2011 WL 2020856 at *1 (Bankr. C.D. Ill. 2011) ("So even flat fee arrangements must be evaluated for reasonableness on the basis of time expended.").

Debtor's primary challenge to the pre-petition attorney's fees appears to be that

---

[6] "Debtor concedes Claimant (Quicken) is entitled to reasonable attorney fees under the terms of the Note and Mortgage." [Doc. 47, ¶ 14]. See also Mortgage, ¶ 9 (Borrower agrees to reimburse Lender for its expenses incurred to protect its interest in the property including "reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.") [POC 1-1 Part 2, pg.11]; Mortgage, ¶ 27 ("attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding") [POC 1-1 Part 2, pg. 18]; Note, ¶ 6(E), costs and expenses to which the Note Holder is entitled include reasonable attorneys' fees for enforcing this Note to the extent not prohibited by applicable law) [POC 1-1 Part 2, pg. 2].

certain of the services rendered by Baer & Timberlake were "ministerial" or "clerical" which should be non-compensable or, at the very least, not billable at a $275 hourly rate. Were Baer & Timberlake seeking such a fee, the Debtor might have a point. It appeared from the evidence that a small amount of the time, perhaps two or three hours (expert Davis testified less than 10%) were expended on such matters, such as scanning documents or courthouse filing, that could fit into the ministerial or clerical category. Quicken's expert, Davis, conceded there might be one or two entries that were "secretarial" in nature. A charge of $275 an hour for such services might therefore be unreasonable. The problem for Debtor, however, is that Baer & Timberlake is not seeking a $2,500 fee; rather, it is seeking the flat fee of $1,000 under its arrangement with Quicken which on a time basis equates to a "blended" rate of less than $110 per hour. Even if as many as three or four hours would be non-compensable (an assumed fact which is not supported by evidence - expert witness Davis testifying that there were extremely few services performed which could be properly performed by a person of less than a month or two of experience at the law firm or by a secretary), the blended rate is $164 per hour.

Significantly, the Debtor did not come forward with *any* expert testimony to refute Quicken's contention that its pre-petition attorney's fees of $1,000 was unreasonable. Debtor did call Quicken's expert, Davis, as her own expert, but Davis did not opine that the $1,000 requested fee was unreasonable. In fact, he testified that Quicken's attorneys were being underpaid for their services. Debtor neither presented evidence nor argued what she thought was a reasonable amount of attorney fees.

## B. Determination of Mortgagee's Post-Petition Fees, Expenses, and Charges

As succinctly stated by another bankruptcy court, Bankruptcy Rule 3002.1 "was

adopted in December 2011 to address a significant problem caused when mortgage companies applied fees and costs to a debtor's mortgage while the debtor was in bankruptcy without giving notice to the debtor and then, based on these post-petition defaults, sought to foreclose upon the debtor's property after the debtor completed the plan." *In re Howard*, 563 B.R. 308, 313 (Bankr. N.D. Cal. 2016) (quoting *In re Tollios,* 491 B.R. 886, 888 (Bankr. N.D. Ill. 2013).

In accordance with Rule 3002.1, a creditor secured by a debtor's primary residence may file a notice to recover post-petition fees, expenses, or charges incurred in connection with a claim provided for under 11 U.S.C. § 1322 (b)(5) in the plan. Rule 3002.1 prescribes the procedure for a mortgage creditor to augment its claim to include the fees, expenses and other charges incurred post-petition:

> (c) Notice of Fees, Expenses, and Charges. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.
>
> ****
>
> (e) Determination of Fees, Expenses, or Charges. On motion of a party in interest filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether the payment of any claimed fee, expense, or charge *is required by the underlying agreement and applicable nonbankruptcy law* to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code. (Emphasis added.).

As indicated above, as required by Rule 3002.1(c), Quicken correctly filed the Notice of Fees using Official Form 410S2. The Official Form does not require the holder of the

claim to attach supporting documents, nor are there any Form Instructions with reference to such documentation requirements. Accordingly, as an initial matter, the lack of documentation in the Notice of Fees is not fatal to the evidentiary burden imposed upon Quicken. But Form 410S2 does put the creditor on notice that: "The debtor or trustee may challenge whether the fees, expenses, charges you listed or required to be paid. See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1." That is what happened here. In response to the Debtor's Motion, Quicken came forward with an Affidavit from its counsel and time records with a description of exactly what services were performed, the regular and preferential hourly rates charged for such services, the number of hours worked, and the name of the law firm's employee performing the work. [Doc. 36-1]. The testimony of attorney Hudspeth supported the contents of his Affidavit and the expert witnesses supported the reasonableness of the fees requested through their testimony. The Debtor once again failed to provide any evidence to support her contention that the fees were unreasonable, relying instead on case authority to support her position.

### C. Whether a Chapter 13 Plan Review or Filing of a Proof of Claim are Ministerial or Clerical, Non-Compensable Functions.

Debtor argued that some, if not all, of Baer & Timberlake's  post-petition attorney's fees were, like the pre-petition fees, "ministerial" or "clerical" and not compensable. Quicken's expert, McCormick, testified that because the filing of a proof of claim (both Official Form 410 and 410A) and Rule 3002.1 supplements carry serious implications, the same may not be done in a perfunctory, ministerial or automatic matter, and may require the assistance of counsel. In her pleadings and at hearing, Debtor cited two Alabama Bankruptcy Court decisions in support of the proposition that under Rule 3002.1 attorney

fees for preparation of a proof of claim and plan review are not compensable.

The first case is *In re England*, 586 B.R. 795 (Bankr. M.D. Ala. 2018). *England* is factually far removed from the case before this Court. There, the only specific reference to recoverable attorney's fees under the mortgage was in the context of "foreclosure proceedings initiated under the power of sale or . . . when permitted by applicable law." The court held that the mortgage provision "only permits the recovery of fees incurred in a foreclosure proceeding initiated pursuant to the power of sale clause," not fees incurred post-petition in a bankruptcy case. *Id*. In the present case, the parties have agreed that the underlying mortgage provides for the recovery of attorney's fees both pre-petition and post-petition, and the only issue before the court is the reasonableness of such fees. This Court regards the *England* Court's opining on the reasonableness of the creditor's fee to be *dicta* in that the court had already held as a threshold matter that there was no contractual basis to award any fees, and it was thus unnecessary to reach the reasonableness question. To the extent that England could be determined to hold plan review and proof of claim preparation and filing are noncompensable, this Court disagrees.

The second Alabama case cited by Debtor is *In re Ochab*, 586 B.R. 803 (Bankr. M.D. Ala. 2018). The fees sought there included a $400 charge for "Attorney Fees" and a $500 charge for "Bankruptcy/Proof of claim fees". The court found that while there was a contractual basis in the mortgage for awarding post-petition attorney's fees the fees were unreasonable because the mortgage creditor was protected by the anti-modification rule in § 1322(b)(2), and $400 in time expended in reviewing a Chapter 13 plan was "purely ministerial and not necessary to file a claim". Secondly, the court deemed the $500 fee unreasonable because preparing and filing a proof of claim is a "relatively simple matter"

16

because the claim may be electronically submitted on a widely available form, and the information to be included in the claim is readily available and accessible to the mortgage creditor. In reaching its decision, the court noted that the mortgage creditor did not provide detailed support for the fees once the debtor had filed a motion to determine the fees. Greatly distinguishing *Ochab* from the present case, after the Debtor filed her Motion to Determine Fees, Quicken came forward with detailed time records, supported by expert testimony, establishing the reasonableness of its requested fee, to which the Debtor provided no contrary evidence.

Based on the testimony from the fact and expert witnesses in the present case, the Court agrees with the findings of another Alabama bankruptcy case decided subsequent to *England* and *Ochab* which rejected the argument that plan review and the preparation and filing of a proof of claim did not justify an award of attorney's fees. In *In re Mandeville*, 596 B.R. 750 (Bankr. N.D. Ala. 2019), the court concluded that the preparation and filing of a long-term mortgage proof of claim is not an "inconsequential ministerial task." *Id*. at 763. Consistent with the expert testimony in the present case, the court in *Mandeville* stated:

> The risks and penalties associated with a flawed proof of claim are not insignificant, particularly for a residential mortgage creditor. Preparing, signing, and filing a proof of claim may not be complicated – the Official Form is readily available online and Rule 3001 states what is required, including attachments and escrow account statement – but the consequences of an incomplete or inaccurate claim travel with the creditor throughout the case and potentially have significant legal and evidentiary repercussions.

*Id.,* at 761-62.

The Court acknowledges, as argued by Debtor, that there is case authority holding

17

that filing a proof of claim is purely ministerial and that reviewing loan documents and the plan are unnecessary. *In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006); *In re Marks*, 2005 WL 4799326 (Bankr. W.D. La. 2005); *In re Banks,* 31 B.R. 173 (Bankr. N.D. Ala. 1982).  Those cases were decided prior to the addition of Rule 3002.1 to the Federal Rules of Bankruptcy Procedure in 2011 and the revisions to the Rule in 2016.   As was made clear by McCormick's testimony, and as stated in *Mandeville*, the adoption of Rule 3002.1 substantially raised the legal, evidentiary and liability repercussions of an inaccurate proof of claim of a residential mortgagee thus making this task of significantly greater consequence than merely a clerical entry on a form.  This Court agrees and concludes that preparing, signing, and filing a proof of claim for a residential mortgage creditor is not an inconsequential ministerial task.

**D. Contemporaneous Time Records**.

Debtor correctly argues, and Baer & Timberlake does not dispute, that production of detailed time records is required when a creditor seeks recovery of its post–petition fees and expenses under Rule 3002.1.  The undisputed evidence was that while increments of time were not entered contemporaneously, the services rendered, the date they were rendered and the individual performing the services were maintained contemporaneously in the firm's case management system.

Debtor further argues that the failure to keep such contemporaneous time records bars Quicken's recovery of attorney fees.  Under applicable Oklahoma law contemporaneous attorney time records are not required.  Even the seminal *Burk* case allowed attorney's fees which were reconstructed.  *State of Oklahoma, ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659; See also *Usrey v. Wilson*, 2003 OK CIV

18

APP 25, 66 P.3d 1000 (permissible under Oklahoma law to base a fee award ". . . on a reconstruction of the time spent on a case based on other records which verify the activity in the case, such as the court file or the attorney's copies of letters, pleadings or file memoranda."); *Spencer v. Oklahoma Gas & Electric Co.*, 2007 OK 76, n. 20, 171 P.3d 890.

Even under the federal courts' stricter standards, the Tenth Circuit does "not forbid . . . the use of reconstructed time records and does not demand that the reconstructed hours be arbitrarily reduced." *Ramos v. Lamm*, 713 F.2d 546, 553, n. 2 (10th Cir. 1983). Nonetheless, since "reconstructed time records generally represent an overstatement or understatement of time actually expended," courts are instructed to "give special scrutiny to any reconstruction or estimates of time expended and make reductions when appropriate." *Id.* In determining whether the fees claimed are reasonable, "[A] district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that 'reveal all hours for which compensation is requested and how those hours were allotted to specific tasks'." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Baer & Timberlake's time records and testimony are sufficiently detailed for the Court to "establish the reasonableness of each dollar and each hour for which the party seeks an award." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### E. Block-Billing

At the hearing, Debtor argued that Baer & Timberlake had engaged in "block billing" precluding recovery for services rendered. The term "block billing" refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent

working on a case, rather than itemizing the time expended on specific tasks". *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n. 9 (10th Cir. 1998); *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc*., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996), cert. denied, 519 U.S. 928, 117 S.Ct. 297 (1996).  So-called block billing consists of attorneys recording large blocks of time for tasks without separating the tasks into individual blocks or itemizing the amount of time each task took. This imprecise time keeping practice creates problems for the court reviewing a fee application because it does not fulfill the fee applicant's obligation to submit "detailed time records" that identify how much time was spent on each task. *Robinson,* at 1284.  The decision whether block billing indicates an unreasonable claim should remain with the trial court who should be allowed to exercise its discretion accordingly.  *Hamilton v. Boise Cascade Express*, 519 F.3d 1197,1207 (10th Cir. 2008).  Where block billing makes it difficult, if not impossible, for the Court to determine the amount of time spent on specific tasks, a general reduction in attorney fees may be warranted.  *See, Robinson,* at 1281.

The Court does not regard Baer & Timberlake's time records as constituting block-billing.  The records contain discrete tasks performed by each employee within a given time period.  With a couple of exceptions, the records have not lumped together unrelated tasks under one entry, nor did Baer & Timberlake use generic or inadequate descriptions, such as "research", "work on motion", "telephone calls with creditor" or "conferences".   In the few instances where several discrete tasks were performed without individualized time entries, those entries appear to be for tasks which were part and parcel of one general task, i.e. setting up the file preparatory to filing foreclosure, preparation of the foreclosure petition and related documents, review and verification of information necessary for filing

20

the petition.  Even as to these tasks, however, on cross-examination by Debtor's counsel Kim Jenkins testified that "given a few minutes" she would be able to break-out the time for each individual task.

Nevertheless, assuming *arguendo* that block-billing was present the same would not result in the fees being denied in their entirety.  The Tenth Circuit has not adopted a *per se* rule prohibiting fees due to block billing.  As stated in *Flying J Inc. v. Comdata Network, Inc.*, 322 Fed.Appx. 610, 617 (10th Cir. 2009) "We decline the invitation to craft a rule of law requiring a reduction in fees when attorneys have block billed.".  *See also, BP Pipeline (N.Am.) Inc., v. C.D. Brown Construction, Inc.*, 473 Fed.Appx. 818, 835 (10th Cir. 2012) ("Nevertheless, we have never mandated a reduction or a denial of a fee request based on block billing."); *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000).  The Court finds Debtor's block-billing argument unpersuasive.

### Conclusion

The Court finds, after reviewing all of the pertinent pleadings including the law firm's affidavits and time records, reviewing the applicable law, hearing the testimony of Baer & Timberlake attorneys Matt Hudspeth and Kim Jenkins and the expert witnesses, which the court finds convincing, and drawing on the Court's own experience in presiding over hundreds, if not thousands, of Chapter 13 cases, that Quicken's request for a $1,000 fee for pre-petition services in the state foreclosure proceedings was authorized, reasonable, and allowable.

The Court further finds that Quicken's request for $900 for post-petition services including plan review and filing of the Proof of Claim is fair and reasonable and is allowable.

The Court's decision today should not be read as holding that in this Court an attorney's flat fee arrangement with its mortgagee client is *prima facie* evidence of the reasonableness of the fee.  The amount of a reasonable fee is based on a case-by-case factual basis; there is no precise rule or formula applied.  Rather, the essential inquiry is one of reasonableness; and the court exercises discretion to reach an equitable award.

**IT IS  HEREBY ORDERED** that *Debtor's Amended Objection to Proof of Claim #1* filed March 13, 2019 [Doc. 48] is hereby **Denied.**

**IT IS  FURTHER ORDERED** that with respect to *Debtor's Amended Motion for Determination of Fees, Expenses or Charges Pursuant to Rule 3002.1(E)* [Doc. 47], the Court determines that the $900 in attorney's fees included in Quicken Loans Inc's "Notice of Postpetition Mortgage Fees, Expenses, and Charges" [POC 1-1, doc., 1/11/19] is **Allowed** as reasonable post-petition expenses.

# # #